This is an appeal by the plaintiff, Angela Keith Kuhlman, of the trial court's order which dismissed Hilda Tant as a party defendant and granted summary judgment in favor of the other defendant, S.P. Keith, Jr. In its order, the trial court said:
 "As the Court understands the facts in this case, stated in very brief form, they are as follows. The plaintiff filed a divorce action against the son of the defendant Keith in 1977. She was represented by Mr. Cliff Hardy and this action was dismissed on September 15, 1977. Domestic problems continued very shortly thereafter and it was at this time that the defendant Keith consulted with his son and his daughter-in-law, the plaintiff, and drafted a pre-divorce agreement for the parties. The original pre-divorce agreement provided, among other things, that the plaintiff in this action would have custody of the two minor children. Subsequently, this agreement, which was never filed, was changed and the custody given to the defendant's son for a period of the first year, while the plaintiff was to be out of state, and at the end of that year, if the parties could not agree on custody, the matter would be submitted to the Court. There are conflicts in the evidence at this point concerning influence exerted by the defendant on the plaintiff, failure to adequately advise her as to the dangers of such an agreement, also the influence of a hypnotist. The second agreement, which was signed by the plaintiff and her husband, was then *Page 806 
presented by the defendant to Judge Barber on November 4, 1977, and the divorce decree was entered as of that date by Judge Barber. This was the last involvement by the defendant regarding the divorce proceedings between his son and the plaintiff, his daughter-in-law. Subsequent to that time, a Motion to Vacate said Decree was set and heard by Judge Barber and in 1978 a further hearing concerning custody was set and heard before Judge Joe Barnard. The Decree of Judge Barnard was subsequently appealed to the Alabama Court of Civil Appeals.
 "On November 2, 1978, plaintiff filed the present action in the Civil Division of this Court, demanding a jury, and on November 3, 1978, she filed suit in the Federal Court in Tampa, Florida, against the same defendant and additional parties. In the action before this Court, basically the plaintiff charges the defendant, Palmer Keith, with negligence and fraud. She claims that as a result of this negligence and fraud on the part of the defendant, she was caused to lose the custody of her minor children and the related mental anguish, pain and suffering caused thereby."
In relation to the motion by Tant to dismiss or, in the alternative, for summary judgment, the court said:
 "The defendant, Tant, was added as a party defendant on May 22, 1981. This action was originally filed on November 2, 1978. The record is without contradiction that the defendant, Tant, was known to the plaintiff at the time the action was filed. The amendment adding this defendant comes too late. This motion is due to be granted. The defendant, Tant, is therefore dismissed as a party defendant and the Court finds no reason for delay, and this order is hereby entered as a final order of dismissal."
In the granting of Keith's motion for summary judgment, the trial court did not enumerate all of its reasons but did find the following to be of paramount importance:
 "First of all, this action would call for a jury to sit in judgment of a Circuit Court decree. The plaintiff directly attempts to impeach an order entered by Judge Barber and to some degree, a final order of Judge Barnard. Certainly the more appropriate remedy would have been for the plaintiff to have initially moved Judge Barber to vacate and set aside his order for error.
 "Secondly, as the Court views the claim for damages by the plaintiff, this Court finds them to be entirely speculative. To the knowledge of this Court, only a Circuit Judge can determine custody of minor children in a divorce action. This is not a jury function. This Court is satisfied that a jury composed of laymen is not qualified to take into consideration and pass on the many legal issues involved in the question of child custody, as this goes beyond the mere interests of parents, but must also consider the best interests of the minors involved. As this Court views the position taken by the plaintiff, a jury would be required to first determine that the plaintiff would have received custody of the minor children had it not been for the legal wrongs alleged against the defendant and then award damages based upon loss of such minor children.
 "Thirdly, the plaintiff in the numerous proceedings which took place prior to the filing of this action, has been represented by numerous attorneys. It is the opinion of this Court that the plaintiff has taken a position with regard to these prior proceedings which would serve to estop her proceeding further with this subsequent action."
The trial court concluded by stating:
 "This Court is very mindful of the fact that rarely will summary judgment be appropriate in a negligence action. This is especially true where there is a duty on the part of the defendant to the plaintiff. Certainly this Court recognizes that a duty did exist between the defendant and to the plaintiff. That is clearly not the basis of this decision by the Court." *Page 807 
The plaintiff then filed her notice of appeal. We affirm.
In her appeal, the appellant first of all argues that the trial court erred in dismissing Tant as a party defendant because the statute of limitations was tolled by her suit against Tant in federal court, so that amendment under Rule 15, Alabama Rules of Civil Procedure, would be appropriate in the circuit court. Appellant also argues that the statement of the court which said "[t]he record is without contradiction that the defendant, Tant, was known to the plaintiff" evidences that the court did not restrict itself to the pleadings, which had the effect of turning the motion to dismiss into a motion for summary judgment, thereby requiring Tant to show an absence of any genuine issue of material fact. Appellant asserts that Tant failed to meet that burden so the court should be reversed. We cannot agree.
We hold that there was sufficient evidence present through the pleadings alone for the trial court to determine that procedurally the appellant was barred from amending her suit to bring in Tant as a party defendant. The appellant, in her pleadings, shows that she knew the identity of Tant when she first filed suit against Keith on November 2, 1978. Paragraph five of the complaint alleged:
 "On or about November 3, 1977, the plaintiff was in the state of Missouri away from her family and her attorney. While in Missouri a consent divorce agreement, prepared by defendant, S.P. Keith, Jr., was presented to the plaintiff for her signature. The defendant S.P. Keith, Jr. knew that the plaintiff was still represented by other counsel at the time the consent agreement was presented to her. The plaintiff was fraudulently induced to sign the consent agreement in a Missouri airport by a Mrs. Hilda Tant, a close friend of the defendant's and a known hypnotist, who had conspired with the defendant to procure the plaintiff's signature, and who acted as an agent for the defendant."
On May 13, 1981, the appellant amended her complaint to add Hilda Tant ("Mrs. Tant") as a party defendant, alleging the following:
 "Comes now the Plaintiff pursuant to Rule 9 (h), Alabama Rules of Civil Procedure and amends her pleading heretofore filed in this cause to substitute, for the fictitious party `X', HILDA TANT, whose work address is 1000 19th Street, South, Birmingham, Alabama.
 "The averments of the original Complaint together with the demand for trial by struck jury are in all other respects reaffirmed."
On May 22, 1981, the appellant once again amended her complaint:
 "Comes now the Plaintiff pursuant to Rules 15 (a) and 15 (c), Alabama Rules of Civil Procedure and amends her Complaint heretofore filed in this cause to add as a party defendant HILDA TANT, whose work address is 1000 19th Street, South, Birmingham, Alabama.
 "The averments of the original Complaint together with the demand for trial by struck jury are in all other respects reaffirmed."
The law is well settled in this state that appellant's action against Tant is barred by the statute of limitations. Minton v.Whisenhant, 402 So.2d 971 (Ala. 1981); Fowlkes v. LibertyMutual Insurance Company, 392 So.2d 803 (Ala. 1980); Hinton v.Hobbs, 349 So.2d 28 (Ala. 1977).
It makes no difference to the disposition of this case whether the appellant tried to amend to add Tant pursuant to the fictitious party rule of ARCP 9 (h) or pursuant to Rules 15 (a) and 15 (c), ARCP. The fact remains that the appellant knew of the identity and actions of Tant at the time the original suit was filed, but waited for over two years to bring her into the action. Appellant's suit in federal court did not toll the statute of limitations in circuit court. Indeed, the only effect it has on this disposition is to even further evidence that the appellant had knowledge of Tant's identity. *Page 808 
The appellant also claims that the court erred in granting summary judgment against her in her suit against S.P. Keith for fraud and negligence. This raises the issue of whether material questions of fact exist as to either the fraud or the negligence count, thereby causing a reversal of the judgment, or whether the judgment should be affirmed as a matter of law. Rule 56, ARCP. Material questions of fact do not exist; we, therefore, affirm.
The appellant's allegations of fraud claim that S.P. Keith, through his agents Hilda Tant and Robert Keith, misrepresented to the appellant the impact of the consent agreement, thereby causing her to lose the custody of her children.
In order to recover in this instance, the plaintiff must prove that she relied on the alleged fraudulent representations made by Tant and Keith. Jordan v. Pickett, 78 Ala. 331 (1894).
In her deposition, appellant states that she fully understood the agreement and all of the documents she signed. She also states that Tant made no effort to influence her decision either through threats or suggestions. Also, appellant's actions subsequent to her signing the documents in Missouri show affirmatively that she knew and understood what she was signing and also the consequences of her actions. The facts before the court showed that, without the appellant's knowledge, a petition had been filed to challenge the judgment based on the agreement. A letter was presented which showed that subsequently the appellant wrote to an attorney stating that the petition had been filed without her consent and should be dropped since the settlement agreement "was drawn up to my specifications. . . . I made a few changes in the agreement when Tant brought it to me in St. Louis, but I am happy with the agreement as it reads." In addition, the appellant appeared in court and asked that the petition be dismissed. Judge Barber's order dismissing the petition shows that it was entered only after he had ascertained that she knew and understood the nature of the proceedings and the consequences of her actions.
The facts also show that during this time period the appellant consulted several other attorneys besides S.P. Keith. Therefore, appellant has failed to show that it was in reliance upon a statement or act of S.P. Keith or his agents that she signed the agreement.
In addition, an action for fraud must have proof that the plaintiff has suffered damages. Old Southern Life InsuranceCompany v. Woodall, 348 So.2d 1377 (Ala. 1977). Appellant has failed to satisfy this burden since the facts show that she gave up her children voluntarily.
Appellant also contends that as a result of S.P. Keith's negligence, she has suffered great mental anguish stemming from her inability to regain custody of the children.
 "The elements of an action against an attorney in his professional capacity for negligence are essentially no different from those of any other negligence suit. To recover, the appellant must prove a duty, a breach of the duty, that the breach was the proximate cause of the injury, and damages. Alabama Digest, Negligence, Key 1; Wade, The Attorney's Liability for Negligence, 12 Vand.Law Rev. 755 (1959); Barclift and Newman, The Attorney's Liability for Negligence: an Alabama Perspective, 7 Cumberland Law Rev. 69 (1976)."
Herston v. Whitesell, 348 So.2d 1054, 1057 (Ala. 1977).
A legal question arises regarding the issue of proximate cause. Could the appellant have received custody of the children but for the negligence of S.P. Keith? If she cannot show that, then any negligence of S.P. Keith could not have proximately caused her loss of custody of the children. See,Herston v. Whitesell, supra, at 1057.
As we have pointed out previously, the facts show that the appellant knowingly and voluntarily gave up custody of her children in the original divorce agreement and later chose not to contest the same when she asked that the petition to challenge the judgment be dismissed. We find that it *Page 809 
was the appellant's actions, not S.P. Keith's, that were the proximate cause of her loss of the custody of the children. Therefore, the trial court's judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.