SHORES, Justice.
The sole issue presented by this petition for writ of mandamus is whether the trial court abused its discretion in disallowing an amended complaint. We hold that, under the facts of this case, it did not, and we deny the petition.
Plaintiff/petitioner filed suit on November 5, 1980, alleging invasion of privacy against The Tuscaloosa News, Inc., a corporation, Atlanta Newspapers, a corporation, The Birmingham Post Company, a corporation, The Advertiser Company, a corporation, Bill Berkeley, and Howell Raines. No fictitious party defendants were named or described. The suit was based upon articles published by the various newspapers at different times, the Tuscaloosa paper having carried the article on December 2, 1979. Thus, the statute of limitations as to that publication ran on December 2, 1980.
Defendant The Tuscaloosa News, Inc., filed its answer on December 18, 1980, in which it answered:
“2. Defendant admits that The Tuscaloosa News, Inc., is a corporation duly organized and existing under the laws of the State of Delaware, but denies that Defendant is engaged in the business of publishing and distributing newspapers in Alabama and throughout the United States, and denies that its principal place of business is located at 2001 6th Street, in the City of Tuscaloosa, Alabama. Defendant denies that it operates and publishes a newspaper known as The Tuscaloosa News. To the contrary, Defendant alleges that it is the Lessor of certain business premises located at 2001 6th Street, in the City of Tuscaloosa, Alabama, which premises are leased to an Alabama corporation, “Tuscaloosa News *868 papers, Inc.,” which operates and publishes a newspaper known as The Tuscaloosa News. The Tuscaloosa News, Inc., and Tuscaloosa Newspapers, Inc., are separate and distinct corporations, which are not affiliated with each other, and they bear the sole relationship of Lessor and Lessee.”
Plaintiff/petitioner did not attempt to amend her complaint to meet the defect pointed out by the answer of The Tuscaloosa News, Inc., which clearly indicated that she had sued the wrong defendant.
Thereafter, on March 30, 1981, The Tuscaloosa News, Inc., filed a motion for summary judgment, based upon the single ground that it was not the entity which published The Tuscaloosa News. The motion was supported by an affidavit by the editor and publisher of The Tuscaloosa News, which again pointed out that the newspaper was leased and operated by a corporation known as “Tuscaloosa Newspapers, Inc.,” a corporation.
Again, the plaintiff/petitioner offered no amendment to change and correct the name of the defendant newspaper corporation, nor did she file any affidavits or offer any evidence to refute the facts offered in support of the motion.
The trial court entered its order granting summary judgment in favor of The Tuscaloosa News, Inc., on December 4,1981. The plaintiff did not seek a Rule 54(b), Alabama Rules of Civil Procedure, order and did not appeal. She alleges that she did file a motion to set aside the order granting summary judgment in favor of The Tuscaloosa News, Inc., on December 7, 1981, but does not include that motion in her exhibits to the petition for mandamus.
She filed an amendment to her complaint on December 17, 1981, for the first time naming Tuscaloosa Newspapers, Inc., and Charles H. Land, its editor, as defendants.
On January 19,1982, the trial court overruled the plaintiffs motion to set aside the summary judgment in favor of The Tuscaloosa News, Inc. On January 21,1982, Tuscaloosa Newspapers, Inc., filed its motion to strike the amended complaint which, after allowing a hearing, the court granted on April 27, 1982. Plaintiff filed this petition for writ of mandamus in this Court on June 8, 1982.
 Amendments are to be freely allowed when justice requires. Rule 15, Alabama Rules of Civil Procedure. The amendment involved here is not one of right granted by ARCP 15(a), but is one changing parties, as opposed to substituting one party for another. It is, therefore, one within the discretion of the trial court under Rule 15(a), which permits the trial court to disallow it of its own motion or that of the adverse party unless justice will be denied by disallowing the amendment. Moreover, because the statute of limitations has run, the amendment relates back only if the requirements of ARCP 15(c) are met. The plaintiff/petitioner argues that those requirements are met and appears to assume that, if they are, the amendment is one of right and not one within the trial court’s discretion. In this assumption, she is wrong. Only those amendments allowed by ARCP 15(a) are permitted as a matter of right. All others are discretionary, with the admonition that they should be freely allowed if justice so requires. In Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala. 1980), we quoted from Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 310 So.2d 469 (1975), where the Court said:
“ ‘We simply state here that if Rule 15 is to be of any benefit to the bench, bar and the public, trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground.’ ”
The Court went on to say:
“Rule 15, ARCP, is not carte blanche authority to amend a complaint at any time. Discretion rests in the trial judge to deny amendments for good cause. In Walker v. Traughber, Ala. Civ. App., 351 So.2d 917 (1977), the court said: ‘[I]f the court determines, as it apparently did here, that a party has had sufficient op *869 portunity to state a claim or revise his answer to a complaint but has failed to do so,, leave to amend may properly be denied.’ Cf. McElrath v. Consolidated Pipe & Supply Co., Ala. 351 So.2d 560 (1977), which is distinguishable on the facts. McElrath held that leave to amend pleadings should be liberally granted and that a court should not deny such amendments unless prejudice would result to the opposing party or unless there is an unexplained delay on the part of the moving party. In McElrath, however, inter alia, there was no evidence in the record that the amendments which were sought at the beginning of (and during) the trial could have been made at an earlier time.
“In the instant case, the plaintiff had sufficient opportunity to discover the facts and to amend her complaint earlier and failed to do so. In view of this unexplained delay, leave to amend was properly denied.”
388 So.2d at 946-947.
In this case, the plaintiff amended her complaint to bring in the proper defendant one day short of one year after she had been informed that the defendant originally named was not the proper party and more than a year after the statute of limitations had run. Additionally, in this case, the defendant promptly and correctly advised the plaintiff that she had sued the wrong entity and promptly and correctly advised the name of the correct entity. Thus, it was not a question of discovery, but merely one of amending to comport with information freely given. The plaintiff not only did not amend at that stage of the proceedings, but, instead, waited until summary judgment was granted on the identical ground. She took no steps to appeal that order, nor the order entered on her ARCP 59(e) motion, which was denied.
Given the facts here and the long delay on the part of the plaintiff in offering the amendment, we cannot say that the trial court abused its discretion in striking the amendment. As stated in 6 C. Wright and A. Miller, Federal Practice and Procedure § 1488 (1971):
“Nonetheless, in keeping with the purpose of Rule 15(a), which is to facilitate a determination of the action on its merits, a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.”
In accord: Kuhlman v. Keith, 409 So.2d 804 (Ala. 1982).
Where a party adding the correct party unduly delays filing an amendment after having notice that he has sued the wrong person or entity, the trial court will not be reversed in disallowing the amendment, particularly where, as here, the party sought to be added would be prejudiced thereby.
The plaintiff/petitioner argues that Tuscaloosa Newspapers, Inc., has not been prejudiced by the delay in naming it as a defendant because it knew or should have known about the transaction made the basis of the suit. Rule 15(b), ARCP. Had the amendment been timely, we might have agreed. But, where the plaintiff has delayed until more than two years after the publication of the articles to bring in the proper entity and a year after receiving knowledge of the fact that she had sued the wrong defendant, Tuscaloosa Newspapers, Inc., might well have assumed that the plaintiff had abandoned her claim against it, especially where there were other defendants remaining in the case.
For the foregoing reasons, the writ of mandamus is denied.
WRIT DENIED.
TORBERT, C. J., and JONES, BEATTY and ADAMS, JJ., concur.