WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
On January 17, 1983, in an attempt to avoid a collision with another car, James L. Weaver (Weaver) overturned the tractor-trailer rig he was driving. At the time of the accident, the truck was owned by O.H. Jackson and leased to Redwing Carriers.
Weaver filed suit on September 22, 1983, against O.H. Jackson and other fictitious defendants for workmen’s compensation benefits. On July 3, 1984, after deposing Jackson, Weaver filed an amended complaint to substitute Redwing Carriers for one of the fictitious defendants. Redwing filed a motion to dismiss and a motion for summary judgment, pleading that the amendment was barred by the one-year statute of limitations. § 25-5-80, Code of Alabama 1975. Redwing claimed Weaver was not ignorant of the identity of the alleged fictitious party as required by Rule 9(h), A.R.Civ.P. After hearing on that motion, but before a ruling, Weaver voluntarily struck his fictitious party amendment. He thereafter, on November 10, 1984, filed a motion to substitute Redwing for Jackson as the real party in interest under Rules 15(a), 15(c) and 17(a), A.R.Civ.P. Redwing moved to strike and for summary judgment. The motions were heard, and the trial court granted motion for summary judgment in favor of Redwing. Weaver brings this appeal, claiming the trial court erred in not allowing his amendment substituting parties to relate back to his original complaint.
Our review begins with a recitation of the law concerning summary judgment. The appellate court standard for reviewing the trial court’s action when ruling on a motion for summary judgment is the same standard as used by the trial court. Folmar v. Montgomery Fair Co., *871 293 Ala. 686, 309 So.2d 818 (1975). The appellate court must determine if there exists any genuine issue of material fact and, if not, whether the substantive law was correctly applied to the undisputed facts. Watts Construction Co. v. Cullman County, 382 So.2d 520 (Ala.1980).
In this case, the facts are undisputed; hence, our review involves the application of the law to the facts. Our supreme court has held that the granting of amendments to pleadings other than those of right under Rule 15(a), A.R.Civ.P. are within the discretion of the court. However, if the statute of limitations has run, the amendment may relate back only if the requirements of Rule 15(c), A.R.Civ.P. are met. Ex parte Tidmore, 418 So.2d 866 (Ala.1982). The part of Rule 15(c) pertinent to this case (amendment changing party defendant) is as follows:
“An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied [same transaction or occurrence] and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.”
If the party adding the correct party unduly delays filing an amendment after receiving knowledge that he has sued the wrong party, the trial court will not be reversed in disallowing the amendment, particularly where the party sought to be added would be prejudiced thereby. Ex parte Tidmore, supra.
In this case, there was evidence tending to show Weaver had received knowledge that Redwing was likely the proper defendant under Craig v. Decatur Petroleum Haulers, 340 So.2d 1127 (Ala.Civ.App.1976), before the statute of limitations had run. Two months after the accident, Weaver’s attorney wrote Redwing asking for a copy of the lease agreement between Jackson and Redwing. On May 27, 1983, just over four months after the accident and still within the statute of limitations, Weaver’s attorney again requested a copy of the agreement. In addition, he commented that “Mr. Jackson is apparently taking the position that Mr. Weaver was not his employee at the time of the accident.” In spite of this information, Weaver did not amend his complaint to include Redwing until July 3, 1984. This was almost eighteen months after the accident, and over a year after showing knowledge of Redwing’s involvement and possible liability. As stated in 6 C. Wright and A. Miller, Federal Practice and Procedure, § 1488 .(1971), “Nevertheless, in keeping with the purpose of Rule 15(a), which is to facilitate a determination of the action on its merits, a motion to amend should be made as soon as necessity for altering the pleading becomes apparent.” In accord: Kuhlman v. Keith, 409 So.2d 804 (Ala.1982). The admonition of Wright & Miller seems even more applicable if the amendment is to change defendants.
The delay here corresponds so closely to the delay in Ex parte Tidmore, supra, that we cannot say that the trial court abused its discretion, even though no prejudice to Redwing is indicated. However, we do not say that a contrary holding by the trial court would have been considered an abuse of discretion on appeal.
Weaver also claims that Rule 17(a), A.R. Civ.P., can be used in conjunction with Rule 15(c) or by itself to justify this type of amendment. However, the doctrine of relation back of amendments under Rule 17(a) is the same as that of 15(c), committee comments. Rule 17, A.R.Civ.P.
On the authority of Ex parte Tidmore, supra, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.