[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11795
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cv-80966-WPD

MINERVA MARIA MENDEZ,

Plaintiff-Appellant,

versus

JARDEN CORPORATION,
COLEMAN COMPANY, INC.,
JARDEN CORPORATION OUTDOOR SOLUTIONS,

Defendants-Appellees,

JARDEN CONSUMER SOLUTIONS,
d.b.a. Jarden Outdoor Solutions,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 17, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Minerva Mendez, proceeding *pro se*, appeals the judgments entered in favor of Jarden Corporation ("Jarden"), Coleman Company, Inc. ("Coleman"), and Jarden Corporation Outdoor Solutions ("JCOS") (collectively, "the defendants"), in her state law action that was removed to federal court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. For the reasons set forth below, we affirm the district court's judgments in favor of the defendants.

I.

Jarden, the parent company of Coleman, removed Mendez's action from state court to the district court on August 16, 2010. Jarden attached to the notice the complaint that Mendez had filed in state court on October 22, 2009. In the complaint, Mendez alleged that, in October 2005, she was severely burned while using a Coleman stove product. Mendez made no allegations concerning her citizenship. The summons indicated that a deputy sheriff had served the summons and complaint on a Jarden agent on February 23, 2010.

In the district court, Mendez filed a motion to remand her case back to state court because Jarden's notice of removal was filed more than 30 days after Jarden

2

had been served with her summons and complaint. Jarden responded that Mendez failed to allege her citizenship in her complaint, and thus, to establish her citizenship, Jarden noted that it had sent Mendez interrogatories. Once it received Mendez's sworn discovery responses, it filed its notice of removal with the district court within 30 days, as required under 28 U.S.C. § 1446(b). Mendez replied that Jarden had acknowledged that Mendez was involved in an accident involving a Coleman stove in Florida prior to her initial complaint being filed, and thus, Jarden had to have filed its notice of removal within 30 days of receiving Mendez's complaint.

The district court determined that Mendez's citizenship was first established in her sworn discovery responses, received by Jarden on July 19, 2010, and thus, Jarden had timely filed its notice of removal with the court, pursuant to § 1446(b). The court noted that Mendez argued that Jarden knew her citizenship before her complaint was filed because Jarden had received reports referencing the location of Mendez's accident at her residence in Florida. However, diversity was determined when the suit was instituted, not when the cause of action arose.

Mendez motioned to file an amended complaint against Jarden, JCOS, and Coleman, and the district court granted Mendez's motion on March 16, 2011. In her amended complaint, she alleged that Coleman's "principal" headquarters were

3

in Florida, and Coleman was registered with the Florida Secretary of State. She further alleged that, on October 28, 2005, a Coleman stove had collapsed while she was boiling water and that the collapse had resulted in severe burns to her body. She raised several product-liability claims.

Jarden filed a summary judgment motion and asserted that it was not a proper party to the suit because it had nothing to do with the design, manufacture, or sale of the Coleman stove, and Jarden did not have any responsibility for the financial responsibilities of Coleman. On May 3, 2011, the district court granted summary judgment in favor of Jarden, after determining that Mendez had failed to dispute the facts and law set forth in Jarden's motion.

Coleman filed a motion for summary judgment and contended that Mendez's claims were barred by the 4-year statute of limitations because she filed her complaint 17 months after the statute of limitations had expired on October 28, 2009. Her claims did not relate back because her initial pleading against Jarden that was filed within the statute-of-limitations period did not satisfy the requirements of Fed.R.Civ.P. 15(c)(1)(A) or (c)(1)(C). Fed.R.Civ.P. 15(c)(1)(C) required the party to be added by the amendment to have known within 120 days of the filing of the initial complaint that the action would have been brought against it, but for a mistake concerning the proper party's identity. However,

4

Coleman had no notice that the action had been filed within 120 days of the date Mendez filed her initial complaint, as she had failed to even serve Jarden within the 120-day period after her initial complaint was filed.  Coleman further argued that she had failed to establish a defect in the Coleman stove through expert testimony, which was necessary to prevail on her product-liability claims.  Mendez responded to Coleman's motion, but did not address Coleman's arguments pertaining to the statute of limitations and Fed.R.Civ.P. 15(c)(1).

On September 6, 2011, the district court granted summary judgment in favor of Coleman.  The court determined that Mendez's claims were barred by the statute of limitations, as she failed to assert claims against Coleman until nearly 17 months after the 4-year limitations period had expired, and none of the relation-back provisions of the Federal Rules of Civil Procedure applied. Further, in order to prevail on her claims, Mendez had to establish the existence of a defect in Coleman's product with expert testimony.  However, Mendez had failed to disclose the existence of any expert willing to support her claim that the relevant stove was defective.

Mendez filed a notice of appeal that stated that she was appealing from the district court's "September 16" summary judgment order.  We dismissed Mendez's appeal for lack of jurisdiction, because her claims against JCOS remained

5

outstanding.  After Jarden filed a motion to dismiss any claims outstanding against JCOS in the district court, the district court, on November 30, 2011, dismissed JCOS because it was an unincorporated division of Jarden and was not a separate legal entity that could be sued or was amenable to service of process.

On January 6, 2012, Mendez filed with our Court a motion to reconsider and amend her initial notice of appeal, mentioning the district court's order granting the motion to dismiss the amended complaint against JCOS and the court's "September 16" order granting summary judgment.  We denied Mendez's request to reconsider our earlier dismissal of her appeal for lack of jurisdiction and construed her motion for reconsideration as a notice of appeal.

## II.

The defendants argue that the only order at issue on appeal is the district court's November 30, 2011 order dismissing her claims against JCOS, as that was the only order referenced in her January 2012 notice of appeal.  Thus, as an initial matter, we address whether we have jurisdiction over the district court's orders that Mendez challenges.

Pursuant to Fed.R.App.P. 3(c), a notice of appeal must designate the judgment or order being appealed.  Fed.R.App.P. 3(c)(1)(B).  We liberally construe the requirements of Fed.R.App.P. 3.  *KH Outdoor, LLC v. City of*

6

*Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006).  Thus, we have allowed appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered prior to, or contemporaneously with, the order properly designated in the notice of appeal.  *Id.* (considering the merits of a claim not identified in a notice of appeal when an earlier notice of appeal identified the claim and when both parties fully briefed the claim).  However, although we construe the pleadings of *pro se* plaintiffs liberally, we nevertheless require them to conform to procedural rules.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Thus, we have held that we lack jurisdiction to review a claim where both the notice of appeal and the initial brief made no mention of the claim.  *See Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011).

Although Mendez's January 2012 notice of appeal makes no mention of the district court's order denying her motion to remand or the order dismissing her claims against Jarden, we have jurisdiction to address her challenges to these orders because these orders were entered prior to the court's orders properly designated in the notice of appeal, Mendez mentioned the challenges to these orders regarding Jarden in her initial brief, and the defendants addressed her challenges.  *KH Outdoor, LLC*, 465 F.3d at 1260.

Next, the January 2012 notice of appeal mentions the district court's

7

"September 16," 2011 summary judgment order, and, although the date of the court's order granting summary judgment in favor of Coleman was actually "September 6," it is relatively clear what order Mendez meant, especially as there was no "September 16" order.  Further, the notice of appeal demonstrates her intent to seek review of the court's September 6, 2011 order.  She requested us to reconsider or amend her earlier notice of appeal that sought review of the "September 16" order and that had the September 6 judgment attached.  Accordingly, we have jurisdiction to consider the September 2011 order.[1]

### III.

In her initial brief, Mendez contends that her case should not have been removed because Jarden did not file its notice of removal within 30 days of her serving Jarden with the initial complaint.  Mendez also asserts that the district court lacked diversity jurisdiction over her action because Jarden had a Florida mailing address.[2]

---

[1] Although Mendez expressly mentioned the district court's order dismissing JCOS in her January 2012 notice of appeal, she does not challenge on appeal the court's actual basis for dismissing JCOS on appeal—that it lacked the capacity to be sued—and thus, any challenge to this order is abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (providing that issues that a *pro se* appellant failed to raise in his initial brief were abandoned).  Thus, we affirm the district court's dismissal of JCOS.

[2] On appeal, Mendez raises several arguments pertaining to whether "the court" had personal jurisdiction over the defendants, to forum-selection clauses, and to venue.  The forum-selection clause and venue issues were raised for the first time in her reply brief and, thus, are waived.  *Timson*, 518 F.3d at 874.  Further, these issues are not relevant to the district court's

8

We review *de novo* the denial of a motion to remand to state court. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). An action in state court may be removed to federal court when the federal court has diversity jurisdiction. *Id.* Diversity of citizenship exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A corporation is a citizen of every state where it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A defendant has 30 days to remove a civil action to federal court after receipt of the relevant pleading, but, in a case not originally removable, a defendant may remove the case to federal court within 30 days of receiving a pleading or other paper that indicates satisfaction of federal jurisdictional requirements. 28 U.S.C. § 1446(b)(1), (3).

Mendez asserts that the notice of removal was untimely filed and cites to a March 2007 letter that she sent Jarden before she filed her initial complaint in state court that indicates that her home was in Florida when the accident involving the stove occurred in 2005. However, as the district court determined in its order

---

resolution of her case, as personal jurisdiction as to the defendants was never an issue, there was no forum-selection clause at issue in this case, and a challenge to venue was never raised by any party in the district court. Thus, as these issues have no bearing on the district court's resolution of her case, we do not address them further.

9

denying her motion to remand, jurisdiction is measured at the time of removal, not when the cause of action arose. *See Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (noting that the critical time for determining subject matter jurisdiction is the date of removal). Thus, Mendez could not show that Jarden knew that she was a citizen of Florida at the time she served them with her complaint based on her residence in 2005, such that the 30-day period for removal was triggered at service of the complaint. Further, although, as Mendez points out, Jarden had a Florida mailing address, it is undisputed that its principal place of business was New York and that it was incorporated in Delaware. It is also undisputed that the amount-in-controversy requirement was satisfied. Thus, there was diversity jurisdiction at the time the action was removed. As Mendez raises no other arguments that pertain to the district court's dismissal of Jarden, she has abandoned any challenges to this effect, and we affirm the district court's judgment in favor of Jarden. *See Timson*, 518 F.3d at 874.

IV.

In her reply brief, Mendez asserts, for the first time, that Coleman is a citizen of Florida and that the diversity-of-citizenship requirement was not satisfied. Ordinarily, issues raised for the first time in a reply brief are waived. *See Timson*, 518 F.3d at 874. However, this Court has a responsibility to examine

10

the subject matter jurisdiction of the district court in actions that it reviews.  *See*

*Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998).

Under Fed.R.Civ.P. 8(a), a pleading that states a claim for relief must

contain a short and plain statement of the grounds for the court's jurisdiction

unless the court already has jurisdiction and the claim needs no new jurisdictional

support.  Fed.R.Civ.P. 8(a)(1).  Generally, where a district court has subject matter

jurisdiction over a diversity action at the time of removal, subsequent acts do not

divest the court of its jurisdiction over the action.  *See Behlen v. Merrill Lynch*,

311 F.3d 1087, 1095 (11th Cir. 2002).  However, in a removal case, a plaintiff can

destroy diversity by joining a non-diverse defendant.  *See Ingram*, 146 F.3d at

861-63 (determining that the joinder of a nondiverse defendant, after the case had

been properly removed, destroyed diversity jurisdiction).

Mendez cites to a "Florida Sunbiz, Corporate filing," as support for her

assertion that Coleman is a Florida citizen.  This reference to a corporate filing

appears to be to a document from the website of the Florida Department of State's

Division of Corporations.  The document, which Mendez filed in the district court,

states that Coleman is a "Foreign Profit Corporation" and that Coleman's

"principal address" is in Florida.  Contrary to Mendez's assertions, this document

demonstrates that Coleman was incorporated outside of Florida, rather than in

11

Florida.  *See* Fla. Stat. § 607.0850(12) (defining a foreign corporation as one incorporated under laws other than the laws of Florida).  Next, it appears that Coleman's principal place of business was Kansas, as, in its answer to Mendez's complaint, Coleman admitted that its headquarters were in Kansas, rather than in Florida.[3]  Further, it appears that Mendez stated that Coleman's headquarters were in Kansas in documents that she filed in the district court.  Press releases that Mendez filed in the district court further demonstrate that Coleman's principal place of business was Kansas, not Florida, as these releases state that Coleman's headquarters were in Kansas, Coleman's senior management team was stationed in Kansas, and the president of the company would be based at Coleman's Kansas headquarters.  The "Florida Sunbiz, Corporate filing" document does not state that Coleman's headquarters or principal place of business is in Florida, but only states that Coleman's principal address for the purposes of its corporate filing with the Florida Secretary of State is in Florida.

To the extent Mendez's amended complaint was deficient due to her failure to comply with Fed.R.Civ.P. 8, as she never alleged the basis of the district court's

---

[3]  The Supreme Court has held that a corporation's principal place of business is a corporation's "nerve center," or where the corporation's high level officers direct, control, and coordinate the corporation's activities.  *See Hertz Corp. v. Friend*, 559 U.S. ___, ___, 130 S.Ct. 1181, 1186, 175 L.Ed.2d 1029 (2010).  This place will typically be a corporation's headquarters. *Id.*

12

jurisdiction over her amended claims, any pleading defect was cured based on the record evidence as a whole.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342-43 (11th Cir. 2011) (providing that a defendant's admissions as to his domicile and record evidence regarding domicile cured plaintiff's pleading defect in only pleading the defendant's residency, as well as convinced us that the district court had diversity jurisdiction over the defendant).  Further, based on the record evidence, the district court had diversity jurisdiction over Mendez's action.

## V.

Mendez asserts that the statute-of-limitations period for product-liability claims is subject to the statute of repose, Fla.Stat. § 95.031.  She notes that Fed.R.Civ.P. 15(c)(1)(C) governs when an amended pleading relates back to the date of a timely filed pleading.  Mendez also raises arguments relating to the elements of her product-liability claims.

As an initial matter, Mendez did not sufficiently preserve her argument based on Fed.R.Civ.P. 15(c), as she did not address it in her response to Coleman's motion for summary judgment.  Thus, we affirm the court's judgment in favor of Coleman on the basis that Mendez waived any challenge to the court's statute-of-limitations ruling, which was one of the two independent bases upon which the court granted summary judgment.  *See Albra v. Advan, Inc.*, 490 F.3d

13

826, 828 n.1 (11th Cir. 2007) (holding that it would not consider a plaintiff's *pro se* argument that was not raised in the district court and was raised for the first time on appeal). Nevertheless, even assuming that this issue was preserved, it lacks merit.

We review *de novo* the district court's grant of summary judgment and application of the statute of limitations. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). Application of Fed.R.Civ.P. 15(c) is reviewed for abuse of discretion, and the findings of fact necessary for application of the rule are reviewed for clear error. *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998). Fed.R.Civ.P. 15(c)(1) provides several ways in which an amended pleading can relate back to the date an initial pleading was filed. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962, 964 n.10, 965 n.11 (11th Cir. 2001) (*en banc*) (providing that, in a diversity case, an amendment to a complaint will relate back where a plaintiff satisfies the requirements of Fed.R.Civ.P. 15(c)(1)(C)). A complaint relates back, pursuant to Fed.R.Civ.P. 15(c)(1)(C) where, within the period provided by Fed.R.Civ.P. 4(m) for serving the summons and complaint, the party to be brought in by an amendment both (1) received notice of the action, such that it would not be prejudiced in defending on the merits, and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the

14

proper party's identity.  Fed.R.Civ.P. 15(c)(1)(C)(i)-(ii).  Fed.R.Civ.P. 4(m) provides that a defendant must be served within 120 days after a complaint is filed.  Fed.R.Civ.P. 4(m).

It is undisputed that Mendez's amended complaint raising claims against Coleman was filed on March 16, 2011, and that Florida's statute of limitations for product-liability claims expired on October 28, 2009, four years after Mendez was allegedly injured on October 28, 2005.  Fla. Stat. § 95.11(3)(a), (e).  Thus, her claims against Coleman are barred by Florida's statute of limitations unless they relate back to the date she filed her initial complaint against Jarden in state court on October 22, 2009.  Mendez cites to Fed.R.Civ.P. 15(c)(1)(C), apparently arguing that her claims relate back under this provision.  However, as it is also undisputed that Mendez served the complaint on Jarden 124 days after she filed her complaint in state court, Mendez cannot show that any defendant received notice of her complaint within 120 days of its filing, let alone that Coleman received notice of the filing of her complaint within that time.  Thus, Mendez has not shown that the district court erred in granting summary judgment in favor of Coleman because her claim was barred by the statute of limitations.  Florida's statute of repose for products-liability actions is inapplicable, as it only provides that a product-liability action may not be brought where the harm caused by

15

exposure to or use of a product that has an expected useful life of 10 years or less occurred more than 12 years after delivery of the product to its first purchaser. *See* Fla.Stat. § 95.031(2)(b).

For the foregoing reasons, we affirm the district court's judgments in favor of the defendants as to Mendez's state law claims.

**AFFIRMED.**