WISE, Justice.
Brookwood Health Services, Inc., the defendant below, filed a petition for a writ of mandamus directing the Jefferson Circuit Court to dismiss Rita Kay's action against it. We grant the petition and issue the writ.
*1263 Facts and Procedural History
On October 8, 2016, Kay filed a complaint against "Brookwood Baptist Health LLC" and fictitiously named defendants pursuant to the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975, based on injuries she allegedly suffered at the hands of another patient while she was being treated in the Psychiatric and Behavioral Health Inpatient Services Unit at Brookwood Baptist Medical Center from October 8, 2014, until October 12, 2014. She asserted claims of medical negligence, false imprisonment, negligence and wantonness, breach of contract, and negligent and/or wanton hiring, training, and/or supervision. The complaint included an attachment that requested that the defendant be served by certified mail at the following address: "Brookwood Baptist Health 1, LLC, c/o CT Corporation System, 2 North Jackson Street Ste 605, Montgomery, AL 36104." The summons cover sheet requested notice by certified mail to "Brookwood Baptist Health LLC, c/o CT Corporation System[,] 2 North Jackson Street, Montgomery, AL 36104."
On November 9, 2016, CT Corporation System sent a letter to Kay's counsel, stating:
"Our records indicate that we represent more than one entity beginning with the name: (BROOKWOOD BAPTIST HEALTH, LLC). In order that we may properly process the enclosed document(s), we must be provided with the full name of the entity for which it is intended.
"Should you make this determination, please amended [sic], return the document(s) to us and we will be glad to forward.
"CT was unable to forward."
On December 16, 2016, the trial court entered an order stating:
"[Kay] is allowed forty-two days to perfect service on defendant Brookwood Baptist Health LLC, or this defendant may be dismissed."
Two certified-mail receipts were filed with the circuit clerk on February 27, 2017. The first was directed to "Keith Parrott/Brookwood Baptist, 1130 22nd Street South, Ridge Park Place, Suite 1000, Birmingham, AL 35203." It was signed by T. Coleman and dated as delivered on February 13, 2017. The second certified-mail receipt was directed to "CT Corporation System, Brookwood Baptist Health, 2 North Jackson Street Ste 605, Montgomery, AL 36104." It was signed/stamped by Laura Payne and dated as delivered on February 13, 2017. On February 27, 2017, the trial court entered the following order:
"[Kay] is allowed twenty-one days to perfect service on defendant Brookwood Baptist Health LLC. Failure to perfect service will result in dismissal of this defendant with no further notice from the Court."
On March 16, 2017, "Brookwood Baptist Health, LLC," filed a motion to dismiss pursuant to Rules 12(b)(2), (4), and (5), Ala. R. Civ. P., for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. It argued that Brookwood Baptist Health, LLC, was not a current legal entity and that it was not a legal entity in existence at the time of the events upon which the complaint was based. Brookwood Baptist Health, LLC, also argued that Brookwood Baptist Health 1, LLC, was a foreign, limited-liability company with its principal place of business in Dallas, Texas; that it was formed in Delaware on or about June 19, 2015; that it had been doing business in Alabama since September 30, 2015; and that it was not a legal entity that was in existence at the time of the events that formed the basis for the action. Finally, *1264 Brookwood Baptist Health, LLC, argued that neither Brookwood Baptist Health, LLC, nor Brookwood Baptist Health 1, LLC, had properly been served with process and that, even if service signed for by Coleman had been proper, it was made outside the 120 days for perfecting service.
On May 2, 2017, the trial court entered an order in which it continued the motion to dismiss generally and allowed Kay 30 days to amend the complaint and perfect service on the defendants.
On June 3, 2017, Kay filed an amended complaint in which she named "Brookwood Baptist Health Services," rather than "Brookwood Baptist Health LLC," as the defendant. The complaint included an attachment that requested that the defendant be served by certified mail at the following address: "Brookwood Health Services, Inc., c/o CT Corporation System, 2 North Jackson Street Ste 605, Montgomery, AL 36104." The summons cover sheet requested notice by certified mail to "Brookwood Health Services, Inc., c/o CT Corporation System[,] 2 North Jackson Street, Montgomery, AL 36104."
On August 10, 2017, Brookwood Health Services, Inc., filed a motion to dismiss the amended complaint. It noted initially that it had been incorrectly designated as "Brookwood Baptist Health Services" in the amended complaint. Brookwood Health Services, Inc., then moved to dismiss the complaint pursuant to Rules 12(b)(5) and (6), Ala. R. Civ. P., for insufficiency of service of process and as being barred by the two-year statute of limitations set forth in § 6-5-482, Ala. Code 1975.
On September 4, 2017, Kay filed a response to the motion to dismiss filed by Brookwood Health Services, Inc. She argued that service of process on Brookwood Health Services, Inc., had been proper; that the action was not barred by the statute of limitations; and that Brookwood Health Services, Inc., had been put on notice of the filing of the complaint. It does not appear that she submitted any evidence in support of her motion.
On September 7, 2017, the trial court denied the motion to dismiss. This petition followed.
Standard of Review
" ' "A writ of mandamus is an extraordinary remedy, and it 'will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' " ' Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala. 2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala. 2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) ). We note that generally '[t]he fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal.' Ex parte Southland Bank, 514 So.2d 954, 955 (Ala. 1987). A petition for a writ of mandamus, however, is the proper means to seek review of an order denying a motion to dismiss or for a summary judgment filed by a defendant added after the statute of limitations has run, under Rule 15(c)(3), Ala. R. Civ. P., which governs the relation back of amended complaints when the defendant has received notice of the action so that the defendant will not be prejudiced in maintaining a defense on the merits and the defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the defendant. See, e.g., Ex parte Empire Gas Corp., 559 So.2d 1072 (Ala. 1990) (denying petition *1265 for writ of mandamus where parent corporation filed a motion to dismiss judgment creditors' amended complaint in which the judgment creditors sought to add parent corporation as a party under Rule 15(c), Ala. R. Civ. P., and to hold the parent corporation liable for the debts of its subsidiary). See also Ex parte Jackson, 780 So.2d 681 (Ala. 2000), Ex parte Snow, 764 So.2d 531 (Ala. 1999), and Ex parte Stover, 663 So.2d 948 (Ala. 1995)."
Ex parte Novus Utils., Inc., 85 So.3d 988, 995-96 (Ala. 2011).
Discussion
Brookwood Health Services, Inc., argues that Kay's action against it is barred by the two-year statute of limitations set forth in § 6-5-482(a), Ala. Code 1975.[1] Specifically, it contends that the statute of limitations expired on October 10, 2016; that it was not named as a defendant until the amended complaint was filed on June 3, 2017; and that it did not receive the amended complaint until July 12, 2017. After acknowledging that Kay may have named it in place of Brookwood Baptist Health LLC in an attempt to invoke the provisions of Rule 15(c)(3), Ala. R. Civ. P., Brookwood Health Services, Inc., asserts that the action against it did not relate back to the original filing because the requirements of Rule 15(c)(3) were not satisfied.
Kay asserts that she "filed the complaint against [Brookwood Health Services, Inc.], including its many aliases, on October 8, 2016." She then argues:
"A court may impute notice of the institution of an action against the original defendant to a subsequently named defendant if there is an 'identity of interests.' See Bank of Red Bay v. King, 482 So.2d 274, 280 (Ala. 1985). There is clearly an identity of interest amongst Brookwood and its many aliases."
Rule 15(c), Ala. R. Civ. P., provides, in relevant part:
"(c) Relation back of amendments. An amendment of a pleading relates back to the date of the original pleading when
"....
"(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or
"(3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or *1266 one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party ...."
(Emphasis added.)
" 'Our Supreme Court has held that the granting of amendments to pleadings other than those of right under Rule 15(a), Ala. R. Civ. P.[,] are within the discretion of the [trial] court. However, if the statute of limitations has run, the amendment may relate back only if the requirements of Rule 15(c), [Ala.] R. Civ. P.[,] are met. Ex parte Tidmore, 418 So.2d 866 (Ala. 1982).'
" Weaver v. Redwing Carriers, Inc., 475 So.2d 869, 871 (Ala. Civ. App. 1985)."
Ex parte Novus Utils., 85 So.3d at 996. Finally,
"[ Rule 15(c)(3), Ala. R. Civ. P.,] limits application of the relation-back principles to situations where the party added by the amendment received notice of the commencement of the action either before the expiration of the applicable limitations period or within 120 days of the filing of the complaint initiating the action."
Ex parte Profit Boost Mktg., Inc., 254 So.3d 862, 870 (Ala. 2017).
Assuming, without deciding, that service on Brookwood Baptist Health LLC, the original defendant, was proper, the materials before this Court establish that Brookwood Baptist Health LLC did not receive the complaint until February 13, 2017-128 days after the lawsuit was commenced. Brookwood Health Services, Inc., states that it received the complaint even later, on July 12, 2017, and the materials before us support that contention.[2] Although Kay asserts that she attempted to serve Brookwood Baptist Health LLC multiple times, she has not presented any evidence to establish that Brookwood Baptist Health LLC actually received notice of the complaint within 120 days after she filed it. Likewise, she also has not presented any evidence to establish that Brookwood Health Services, Inc., received notice of the complaint within 120 days after she filed it. Therefore, even assuming, without deciding, that there was an identity of interests between Brookwood Baptist Health LLC and Brookwood Health Services, Inc., there was no evidence to show that either entity received notice of the complaint within 120 days after Kay filed it. See Mendez v. Jarden Corp., 503 F. App'x 930, 937 (11th Cir. 2013) (not selected for publication in the Federal Reporter) ("Mendez cannot show that any defendant received notice of her complaint within 120 days of its filing, let alone that Coleman received notice of the filing of her complaint within that time. Thus, Mendez has not shown that the district court erred in granting summary judgment in favor of Coleman because her claim was barred by the statute of limitations."). Accordingly, the amended complaint did not relate back to the filing of the original complaint, and that amended complaint was barred by the two-year statute of limitations set forth in § 6-5-482(a).
Conclusion
Brookwood Health Services, Inc., has established that it was added as a defendant *1267 after the expiration of the applicable limitations period and that, for the reasons set forth above, relation-back principles do not apply. Therefore, it has demonstrated that it has a clear legal right to the relief sought. Accordingly, we grant the petition for a writ of mandamus and direct the trial court to vacate its September 7, 2017, order denying the motion to dismiss filed by Brookwood Health Services, Inc., and to dismiss Kay's complaint.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Bryan, Sellers, and Mendheim, JJ., concur.

Section 6-5-482(a), Ala. Code 1975, provides, in pertinent part:
"All actions against physicians ... for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission, or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date."

Again, we assume, without deciding, that service was proper.