KENNEDY, Justice.
Empire Gas Corporation of Lebanon, Missouri (“Empire of Missouri”), petitions this Court for a writ of mandamus directing Judge Thomas B. Norton, Jr., of the Circuit Court of Baldwin County, to vacate his order of March 13, 1989, amending the complaint filed by James Feely and Thomas Feely, individually and as owners of Feely Brothers Farm, against Empiregas, Inc., of Elberta (“Empiregas”), to add Empire of Missouri as a party defendant. We deny the writ.
The case arose out of the following facts: The respondents, James and Thomas Feely, are brothers who jointly own and operate a farming business known as Feely Brothers Farm. Until mid-1979, the Feely brothers used propane gas purchased from Empire-gas in their farming.
In mid-1979, the Feely brothers stopped purchasing gas from Empiregas, and Em-piregas removed the gas storage tanks from the Feelys’ property. At the time the tanks were removed, there was a balance owing on the Feely brothers’ account with Empiregas. There was also some gas remaining in the tanks when they were removed. In March 1980, the Feely brothers paid $2,200 on their account and were told by Empiregas’s office manager, Melanie Frith, that enough gas had remained in the tanks to offset the balance owed on the account.
After they had paid the $2,200, the Feely brothers continued for several months to receive statements, in varying amounts. James Feely had several discussions with Ms. Frith concerning the statements; she continually reassured Mr. Feely not to worry about them. When the statements continued, he wrote several letters to Empire-gas in an attempt to resolve the matter. Eventually, the statements stopped coming.
In July 1984, more than four years after it had removed the tanks from the Feelys’ property, Empiregas sued the Feely brothers to collect a balance of $99 allegedly owing on their account. The summons and complaint in this suit were served upon James Feely by a deputy sheriff at Mr. Feely’s wife’s cafe, in front of about 100 of his friends and neighbors.
Empiregas eventually dismissed its complaint, and the Feely brothers sued Empire-gas, alleging malicious prosecution. This second suit resulted in the entry of a judgment, based upon a jury verdict, for the Feely brothers in the amount of $10,650. Empiregas appealed the judgment, and it was affirmed by this Court. 524 So.2d 626.
After Empiregas’s unsuccessful appeal, the Feely brothers discovered, through post-judgment interrogatories, that Em-piregas had no assets from which the judgment could be satisfied. On March 7, 1989, they filed a post-judgment amendment to their original complaint. This amendment contained a second count, in which the Fee-lys alleged that at the time of the conduct complained of in the first count of the complaint, Empiregas had been a wholly owned subsidiary of Empire of Missouri; that it had owed its accounts receivable to the parent corporation; that its debt collection activities had been for the benefit of the parent corporation; and that all of the officers and directors of Empiregas were also officers, agents, servants, and employees of Empire of Missouri. On March 13, 1989, the Honorable Thomas B. Norton, Jr., circuit judge, entered an order adding Empire of Missouri as a party defendant. Empire of Missouri’s motion to dismiss was *1074 denied, and it has petitioned this Court for a writ of mandamus.
In support of its petition for a writ of mandamus, Empire of Missouri argues that the trial court erred in allowing the Feely brothers to amend their complaint after judgment had been entered, because, it says, they are actually attempting to use the amendment to the complaint to litigate a new cause of action that would otherwise be barred by the doctrine of res judicata and the statute of limitations. We disagree.
In Hughes v. Martin, 533 So.2d 188 (Ala.1988), this Court reiterated the test for determining whether a cause of action is barred by the doctrine of res judicata. In that case, we said:
“In order for a judgment in the prior suit to bar a subsequent suit: (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final judgment must have been rendered on the merits; (3) the parties, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; and (4) the same cause of action must be involved in both lawsuits.”
533 So.2d at 190, citing Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir.1975).
Empire of Missouri is unable to satisfy the requirements of this definition for several reasons. First, as indicated by the use of the phrases “subsequent action” and “prior action,” the definition assumes the commencement of a second action in which a party seeks to relitigate issues that have already been litigated. This is not the case here. The Feelys do not wish to commence a new action against Empire of Missouri to relitigate any issues that have already been litigated. The issues have already been decided in their favor. What they are seeking is the opportunity to amend their complaint in the original action so as to have an opportunity to present additional evidence necessary to justify piercing the corporate veil and holding Empire of Missouri liable, as sole shareholder, for the debts of its subsidiary.
Empire of Missouri’s second contention is that the trial court erred in allowing the complaint to be amended to name Empire of Missouri as a defendant because, it argues, the statute of limitations had run before the amendment to the complaint was filed. The conduct complained of occurred more than five years prior to the filing of the amendment, and it is true that if the amendment did not relate back to the filing of the original complaint, it would be barred by the statute of limitations. Under the facts of this case, however, we hold that the amendment did relate back to the filing of the original complaint, and, therefore, that it was timely filed.
Rule 15(c), A.R.Civ.P., states the rule regarding the relation back of amendments. This rule provides, in pertinent part:
“Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13(c). An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.”
The claim asserted in the Feelys’ amended complaint arises out of the same conduct as that set forth in the original pleading. The original complaint was filed within the statutory period and was properly served on Empiregas. The corporate secretary of Empiregas was also an agent of Empire of Missouri, and it is axiomatic that *1075 the knowledge of the action is imputed to Empire of Missouri.
Therefore, we hold that the trial court did not err in allowing the Feelys to add Empire of Missouri as a party defendant in their action against Empiregas. Empire of Missouri’s petition for writ of mandamus is due to be, and it is hereby, denied, and the case is remanded for further proceedings not inconsistent with this opinion.
WRIT DENIED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.