MOORE, Judge.
Section 25-5-77(a), Ala.Code 1975, a part of the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala. Code 1975, provides, in pertinent part:
“If the employee is dissatisfied with -the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and the employee shall be entitled to select a second' physician from a panel or list of four physicians selected by the employer.”
On July 8, 2014, Samuel Mitchell (“the employee”) filed a multicount complaint against MeadWestvaco Corporation (“the employer”), his alleged self-insured employer, Sedgwick Claims Management Services, Inc. (“Sedgwick”), the alleged third-party workers’ compensation claims administrator for the employer, and various fictitiously named defendants, based on various • injuries allegedly arising out of and in the course of his employment. In one count of that complaint, the employee asserted that Sedgwick had ‘committed the tort of outrage by “knowingly and intentionally” refusing to provide him a “panel of four” physicians as required by § 25-5-77(a). ■
Along with his complaint, the employee also filed a “Motion to Compel Panel of Four and Payment of Medical Benefits,” in which he asserted that he had injured his left knee in a work-related accident on April 16, 2013; that the employer had accepted his claim for workers’ compensa *292 tion benefits arising out of that injury; that the employer had authorized a'physician to treat the injury surgically; that he had become dissatisfied with his authorized treating physician after the surgery; that he had requested a panel of four physicians on several occasions; and that his request had been repeatedly denied. The employee further asserted that, after his requests were denied, he engaged his own private physician at his own expense. The employee argued that the employer and Sedgwick had willfully and contemptuously. violated the law. The employee requested that the trial court enter an order determining .that the employer and Sedg-wick had wrongfully and unlawfully, denied him medical benefits; directing the employer and Sedgwick to authorize his chosen physician and to pay the expenses associated with the treatment provided by that physician; declaring that he had not exhausted his right to request a panel of four physicians; and requiring the employer and Sedgwick to pay a reasonable attorney’s fee.
On August 14, 2014, Sedgwick filed an answer'to the complaint, asserting, among other defenses, that “the denial of the panel request by [the employee] was, in compliance with [the Act].” That same date, the employer filed an answer to the complaint, raising the identical defense. Four days later, on August 18, 2014, the trial court entered an order granting the employee’s, “motion to compel” without elaboration.
On September 2, 2014, the employee filed a motion to establish the amount of attorney’s fees to be awarded in connection with the motion as $2,695. The employer responded on September 5, 2014, by filing a motion requesting that the trial court reconsider its August 18, 2014, order. ' The employer attached exhibits showing that the employee’s authorized treating physician had released the employee from medical care on December 9, 2013; that Sedgwick had received the employee’s subsequent requests for a panel of four physicians; that Sedgwick had directed the employee to return to the authorized treating physician to determine if any further medical treatment was reasonably necessary; that Sedgwick had informed the employee that it would provide a panel of four physicians if the authorized treating physician indicated a need for additional medical care; and that the employee did not return to see the authorized treating physician before filing the motion to compel. The employer argued that it had complied with its duty under § 25-5-77(a) because a panel of four physicians must be provided only when “further treatment is required” and, it asserted, the employee had not presented any evidence indicating that he needed additional treatment for his left-knee injury. The employer further maintained that the trial court did not have any basis for awarding attorney’s fees and that the fees claimed by the employee were excessive. As previously noted, the employer requested that the trial court reconsider and set aside its August 18, 2014, order.
The trial court held a hearing on the employer’s motion to reconsider and on the employee’s motion to assess attorney’s fees on September 24, 2014. The trial court did not enter a ruling on. either motion. On January 14, 2015, the employer and Sedgwick filed a notice of appeal in the trial court, indicating that they were appealing from the August 18, 2014, order.
In their joint appellate brief to this court, the employer and Sedgwick contend that, in its August 18, 2014, order, the trial court entered a final judgment sanctioning them for refusing to provide the employee with a panel of four physicians; that the motion to reconsider filed on September 5, *293 2014, was a postjudgment motion under Rule 59, Ala. R. Civ. P.;[1] that, under Rule 59.1, Ala. R. Civ. P., the trial court had allowed the postjudgment motion to be denied by operation of law on December 4, 2014; and that they had timely filed a notice of appeal from that judgment.
The August 18, 2014, order is not a final judgment that will support an appeal. Although the language of §§ 25-5-81(a)(l) and § 25 — 5—81(e), Ala.Code 1975, suggests that a party may appeal from any order deciding a controversy over workers’ compensation benefits, see Ex parte Cowabunga, 67 So.3d 136, 141-45 (Ala.Civ.App.2011) (Moore, J., concurring in part and dissenting in part), a majority of this court has decided that an appeal from a workers’ compensation determination lies only from a “final judgment” within the meaning of § 12-22-2, Ala.Code 1975, i.e., “ ‘a “terminal decision which demonstrates that there has been a complete adjudication of all matters in controversy between the litigants.” ’ ” Williams Power, Inc. v. Johnson, 880 So.2d 459, 461 (Ala.Civ.App.2003) (quoting Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990), quoting in turn Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)). The August 18, 2014, order does not meet that standard because, among other reasons, the order does not resolve any of the claims contained in the complaint filed by the employee, which remain pending before the trial court. See Bryant v. Flagstar Enters., Inc., 717 So.2d 400 (Ala.Civ.App.1998) (dismissing appeal from order granting summary-judgment motion on workers’ compensation claim because tort-of-outrage claim in same action had not been adjudicated).
The employer and Sedgwick argue that the August 18, 2014, order is “an order of civil sanctions ... subject to a direct appeal under [Rule 70A(g)(2), Ala. R. Civ. P.].” Rule 70A(g)(2), Ala. R. Civ. P., provides: “If the person found in contempt is not being held in custody pursuant to the adjudication of contempt, the adjudication is reviewable by appeal.” However, the trial court did not find the employer or Sedgwick to be in contempt.
Rule 70A(a)(2) defines the different kinds of contempt as follows:
“(A) ‘Direct contempt’ means disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that disturbs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and where immediate action is essential to prevent diminution of the court’s dignity and authority before the public.
“(B) ‘Constructive contempt’ means any criminal or civil contempt other than a direct contempt.
“(C) ‘Criminal contempt’ means either
“(i) Misconduct of any person that obstructs the administration of justice and that is committed either in the court’s presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or
“(ii) Willful disobedience or resistance of any person to a court’s lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor.
*294 “(D) ‘Civil contempt’ means willful, continuing failure- or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with.”
Even assuming that, in the August 18, 2014, order, the trial court impliedly determined that the employer and Sedgwick had wrongfully and unlawfully denied the employee medical benefits, as the employee requested, that finding would not amount to an adjudication of contempt as defined above.
“[Wjhether a contempt in a civil case such as this one is classified as criminal or civil, the purpose of a contempt proceeding is to provide a court with a method for compelling compliance with its orders or the orders of another judge and to punish those who willfully disobey or resist any such orders.”
AltaPointe Health Sys., Inc. v. Davis, 90 So.3d 139, 155 (Ala.2012). A person cannot be held in contempt for failure to do something the court has not ordered. See Price v. McAllister, 537 So.2d 43, 44 (Ala.Civ.App.1988). In the motion to compel, the employee did not request that the trial court enforce any previous judicial order.[2] The employee did request the trial court to declare that the employer and Sedgwick had wrongfully and unlawfully denied him medical benefits under § 25-5-77; however, “a violation of a statute, without more, would not be a proper ground for a finding of contempt.” Davis, 90 So.3d at 155. In the absence of a contempt adjudication,[3] Rule 70A(g)(2) does not apply to confer appellate jurisdiction on this court.
This court has reviewed nonfinal orders settling controversies over a panel of four via a petition for a writ of mandamus.[4] See, e.g., Ex parte Everest Nat'l Ins. Co., 80 So.3d 954 (Ala.Civ.App.2011); Ex parte Kish, 45 So.3d 772 (Ala.Civ.App.2010), This court can treat an appeal improperly filed from an interlocutory order as a petition for a writ of mandamus. See Ex parte Cowabunga, 67 So.3d at 138. However, a petition for a writ of mandamus must be filed “within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal.” Rule 21(a)(3), Ala. R.App. P. An appeal from a-final judgment in a workers’ compensation case must be filed within 42 days of the date of the entry of the judgment. § 25-5-81(e). Thus, the employer and Sedgwick had until September 29, 2014, to seek appellate review of the August 18, 2014, order by way of a petition for a writ of mandamus. Ex parte C & D Logging, 3 So.3d 930, 932 (Ala.Civ.App.2008). The filing of the motion to reconsider did not toll the 42-day *295 period for filing a petition for a writ of mandamus. Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala.2003) (Rule 59.1, which tolls the time for filing an appeal when a póstjudgment motion has been promptly filed, does not apply to toll the deadline for filing a petition for a writ of mandamus to review an interlocutory order). The employer and Sedgwick have not presented “a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.” Rule 21(a)(3), Ala. R.App. P. Hence, we decline to treat the appeal as a petition for a writ of mandamus because it would be untimely. See Ex parte C & D Logging, supra.
For the foregoing reasons, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The same attorney represented both the employer and Sedgwick in the trial-court proceedings. That attorney filed the motion to reconsider on behalf of only the employer. Based on our disposition, we do not address the effect of the failure of Sedgwick to file a motion to reconsider.

.We recognize that, if an employer willfully and contumaciously violates a court order requiring the payment of medical expenses, a court can order the employer to pay the attorney's fees incurred by the employee to enforce the order. Argo Constr. Co. v. Rich, 603 So.2d 1078'(Ala.Civ.App.1992). However, nothing in the record indicates that the trial court was acting pursuant to that authority, and the trial court did not actually order the payment of any attorney’s fees, so we cannot conclude that the trial court impliedly found the employer or Sedgwick to be in contempt, if that is even possible.

. We further note that the trial court did not follow the procedures set out in Rule 70A(c) for disposition of constructive-contempt proceedings, thus supporting our determination that the trial court did not adjudicate a contempt claim.

. Based on our disposition, we do not decide whether the August 18, 2014, order, which did not assess any attorney's fees, fully resolved the motion to compel.