SHAW, Justice.
Profit Boost Marketing, Inc., d/b/a Hometown Values Coupon Magazine ("HVCM"),[1] one of the defendants below, petitions this Court for a writ of mandamus directing the Marshall Circuit Court to vacate its order denying HVCM's motion to dismiss the claims filed against it by Mike Zak d/b/a Hometown Magazine ("Zak") and to direct that court to enter an order dismissing Zak's claims against it. We grant the petition and issue the writ.
Facts and Procedural History
HVCM is a State of Washington based "print broker ... for direct mail advertising." Richard Hagedorn, doing business as HTV Etowah, LLC, apparently purchased, before the initiation of the underlying litigation, a license from HVCM to use its trademark for publication of a coupon magazine.
Hometown Magazine is a coupon distributor; Mike Zak is its sole proprietor. Following an initial inquiry initiated by Zak in August 2013, Zak and HVCM entered into a "Print Brokerage Agreement" and related "Licensing Agreement" whereby Zak was to become an exclusive "Area Publisher" of HVCM's coupon magazine in three specified zones within Alabama, namely Madison, Huntsville, and Arab/Guntersville. E-mail communications in the materials before us suggest that Hagedorn was aware of that agreement and that HVCM encouraged coordination and cooperation between Zak and Hagedorn with regard to *864 their "neighboring" markets. On October 11, 2013, Zak obtained from the City of Arab ("the City") a business license to engage in "publishing industries." Zak ultimately published a single issue of a publication entitled Hometown Magazine. Thus, according to HVCM, "[i]nstead of publishing as [HVCM], Zak formed Hometown Magazine and used the [HVCM] trademark when he sold advertising to local business," i.e., allegedly, "Zak solicited ... Hagedorn's clients as [HVCM], sold them advertising using the [HVCM] trademark ..., and never published a magazine as [HVCM]." This action resulted in a dispute between Zak and Hagedorn.
On November 12, 2013, Hagedorn sent the Arab Chamber of Commerce ("the Chamber") the following e-mail communication regarding Zak and Hometown Magazine:
"There are 2 men going around Arab purporting to represent [HVCM]. Their names are Dion Hahn and Mike Zak; they are leaving behind this magazine telling merchants this is what they are getting. In fact they are not in anyway affiliated with [HVCM]. They have been delivered cease and desist orders due to copyright and trademark infringements. They are also telling people the method of distribution is direct mail when in fact it was distributed via The Arab Tribune. These people do not hold business licenses and should be reported to the appropriate authorities. I have attached a copy of my magazine. Please forward to all Chamber members."
The following day, the City posted on Facebook, a social-media Web site, an essentially verbatim copy of Hagedorn's e-mail regarding Mike Zak and Hometown Magazine. In response, Dion Hahn, purportedly an employee of Hometown Magazine, commented on the post, allegedly notifying the City that the information in its post was incorrect and should be promptly removed. The City, however, allegedly declined to remove it; instead, it posted a response indicating that it had " 'received [the] information through a mass email sent from the ... Chamber..., which has always been very reliable," and directed further inquiries to the Chamber.
On November 19, 2013, counsel purporting to represent both "HTV Etowah, LLC[, Hagedorn's business,] and [HVCM]" sent written communication addressed to Hahn and Zak alleging that, "[r]ather than contract[ing] to become a distributor of [HVCM's] magazine, [Zak] apparently and allegedly appropriated the name, likeness and attributes of [HVCM], marketed it as [his] own product and sold advertising to customers while representing to them [Zak was HVCM]." The letter further demanded that Zak "immediately cease and desist from any actions which violate [Hagedorn and HVCM's] proprietary ownership rights in [HVCM]" or warned that "appropriate legal action" would follow.[2]
As a result of the above-described Facebook post, which Zak maintains "was entirely fallacious and possessed absolutely no truth," Zak allegedly began to receive queries from customers regarding the legality of his activities. Ultimately, according to Zak, his reputation was allegedly so "irreparably tarnished and damaged" that Zak was forced to close his business. On August 22, 2014, Zak sued, in the Cullman Circuit Court, the City, the Chamber, and various fictitiously named defendants.[3]
*865 Specifically, Zak sought to recover both compensatory and punitive damages on various theories, including defamation, negligence, and "wantonness/gross negligence."
On December 3, 2014, Zak issued several sets of discovery requests to the defendants, including interrogatories directed to the Chamber that sought information about any "communications with [HVCM] or ... Hagedorn." On January 12, 2015, Zak amended his complaint to add two additional counts against the City pursuant to 42 U.S.C. § 1983, asserting "civil rights depravation and violation" and also "inadequate training and supervision [and] failure to train." In its October 29, 2015, responses to Zak's discovery requests, as described above, the Chamber produced the November 12, 2013, e-mail from Hagedorn on which the offending post was based and identified Hagedorn as a party having information regarding the underlying events.
As best we are able to discern based on the limited materials before us, it appears that, following Zak's first amendment to his complaint adding federal claims, the matter was, at the request of the City, first transferred, in January 2015, from the Cullman Circuit Court to the Marshall Circuit Court on the ground that venue in the Cullman Circuit Court was improper and, in February 2015, removed to the United States District Court for the Northern District of Alabama. However, the two federal § 1983 claims were later dismissed by the federal court, and, on July 24, 2015, the matter was remanded to the Marshall Circuit Court.
On March 1, 2016-after the expiration of the two-year limitations period applicable to Zak's claims-Zak filed a "Second Amended Complaint" that, among other changes, specifically named HVCM and Hagedorn as defendants. Neither HVCM nor Hagedorn was substituted in place of any of the fictitiously named defendants in Zak's original complaint. Zak's second amended complaint asserted against HVCM and Hagedorn his previous tort-based claims for relief and further added counts alleging "tortious interference with business" and civil conspiracy.
In response, HVCM filed, pursuant to various provisions of Rule 12, Ala. R. Civ. P., a "Motion to Dismiss" all claims against it. Specifically, in its motion and accompanying brief, HVCM disputed the sufficiency of service, challenged the trial court's exercise of personal jurisdiction over it, and maintained that Zak's claims were time-barred. HVCM's motion was supported by, among other exhibits, evidence indicating that Zak was allegedly aware of HVCM's identity at the time he filed his original complaint and certainly before the statute of limitations expired. HVCM further noted that it was added as a new defendant rather than substituted for a previously identified but fictitiously named defendant. HVCM further denied sufficient contacts with Alabama to support personal jurisdiction under Alabama's long-arm rule and included affidavit testimony from HVCM's president aimed at *866 establishing its alleged lack of contacts with Alabama.
In opposition to HVCM's dismissal request, Zak asserted that HVCM was properly served or that he should be allowed to correct service, that HVCM conducted "substantial business" within Alabama, and that his claims against HVCM were timely either as the result of tolling pursuant to removal of the matter to federal court or because his second amended complaint "relate[d] back" to the filing of his original complaint pursuant to Rules 9(h) and 15(c), Ala. R. Civ. P.
Thereafter, on September 8, 2016, the trial court denied a motion by HVCM to quash Zak's allegedly ineffective service of process and granted Zak leave to perfect service. On that same date, it denied HVCM's motion to dismiss.
HVCM later promptly filed, subsequent to Zak's perfection of proper service on HVCM, a motion again seeking dismissal on the grounds that the trial court lacked personal jurisdiction and that Zak's claims were untimely. The trial court denied the motion, and HVCM then filed the instant petition seeking mandamus relief; we subsequently ordered answers and briefs.
Standard of Review
" ' "A writ of mandamus is an extraordinary remedy, and it 'will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' " ' Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala. 2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala. 2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) ).... A petition for a writ of mandamus ... is the proper means to seek review of an order denying a motion to dismiss or for a summary judgment filed by a defendant added after the statute of limitations has run, under Rule 15(c)(3), Ala. R. Civ. P., which governs the relation back of amended complaints when the defendant has received notice of the action so that the defendant will not be prejudiced in maintaining a defense on the merits and the defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the defendant. See, e.g., Ex parte Empire Gas Corp., 559 So.2d 1072 (Ala. 1990) (denying petition for writ of mandamus where parent corporation filed a motion to dismiss judgment creditors' amended complaint in which the judgment creditors sought to add parent corporation as a party under Rule 15(c), Ala. R. Civ. P., and to hold the parent corporation liable for the debts of its subsidiary). See also Ex parte Jackson, 780 So.2d 681 (Ala. 2000), Ex parte Snow, 764 So.2d 531 (Ala. 1999), and Ex parte Stover, 663 So.2d 948 (Ala. 1995).''
Ex parte Novus Utils., Inc., 85 So.3d 988, 995-96 (Ala. 2011).
Discussion
I.
Before reaching the claims in HVCM's petition, we first consider Zak's contention that the petition is untimely. According to Zak, HVCM filed its petition more than 42 days-and, in fact, more than 4 months-after the trial court's September 8, 2016, order denying HVCM's original motion to dismiss. See Ex parte Franks, 7 So.3d 391, 393 (Ala. Civ. App. 2008) ("The presumptively reasonable time within which to file a petition for a writ of mandamus is the same time allowed for taking an appeal, i.e., 42 days from the *867 date of entry of the judgment or order being challenged." (citing Rule 21(a)(3), Ala. R. App. P.; Rule 4(a)(1), Ala. R. App. P.; and Ex parte Fiber Transp., L.L.C., 902 So.2d 98, 99-100 (Ala. Civ. App. 2004) )). This petition was filed after HVCM's second motion to dismiss was denied. Zak cites Ex parte Jones, 147 So.3d 415 (Ala. 2013), for the proposition that a party's renewed filing raising essentially the same arguments as a previously disposed motion will not toll the presumptively reasonable time for petitioning for mandamus relief. In Jones, we held:
"To allow [a defendant] to ... petition this Court for a writ of mandamus following the denial of the 'renewed' motion for a summary judgment, after this Court had determined that his previously filed mandamus petition challenging the denial of his first summary-judgment motion based on the same arguments and grounds as the 'renewed' motion for a summary judgment [was untimely], would undermine the spirit and purpose of Rule 21(a)(3) [, Ala. R. App. P.,] and render that rule meaningless."
147 So.3d at 420. Zak further relies on authority establishing that "[t]he filing of [a] motion to reconsider [does] not toll the 42-day period for filing a petition for a writ of mandamus." Meadwestvaco Corp. v. Mitchell, 195 So.3d 290, 294-95 (Ala. Civ. App. 2015).
HVCM, however, maintains that the trial court's September 8 order was void as to HVCM as the result of ineffective service. See Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala. 2003) (" 'A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.' " (quoting Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala. 1993) )). Alternatively, HVCM argues that it filed the instant petition within a reasonable time-and certainly within 42 days of the trial court's January 3, 2017, order denying HVCM's renewed motion following Zak's perfection of service. Under the present circumstances, we agree.
A notable factor distinguishing this case from Mitchell, supra, where the pleadings omitted the "statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time," Rule 21(a)(3), Ala. R. App. P., is the following explanation for HVCM's delay:
"Because service is a threshold jurisdictional issue, the [September 8, 2016,] order denying the remainder of [HVCM's] motion to dismiss was void, and an appeal was not necessary. Med-Call, Inc. [v. Livingston], 64 So.3d [1051] at 1053 [ (Ala. Civ. App. 2010) ]. To preserve for appeal the personal jurisdiction and statute of limitations issues, [HVCM] filed a new motion to dismiss once it was served.... If this Court believes that [HVCM] should have appealed the September 8, 2016, order ..., then pursuant to Ala. R. App. P. 21(a)(3), [HVCM] states that this petition is filed within a reasonable time because it was reasonable to require [Zak] to perfect service upon [HVCM] before it appealed lack of personal jurisdiction."
(HVCM's petition, at p. 4 n.5.)
In comparable circumstances in Ex parte Franks, supra, the Court of Civil Appeals permitted an apparently untimely petition where the petitioner included a statement explaining that he had not been served with the underlying complaint until more than 43 days from the entry date of the order his petition challenged. Holding that the petitioner's explanation constituted good cause because "the [petitioner] was not a party to the action until after *868 the expiration of the presumptively reasonable time for challenging the May 13, 2008, order," the court considered the petition. 7 So.3d at 393-94. Although, unlike the petitioner in Ex parte Franks, HVCM did apparently receive notice of and an opportunity to be heard at the hearing preceding the entry of the trial court's September 8 order, HVCM's concerns regarding the validity of that order before proper service and the potential impact of a void order on a subsequent appeal were valid. See Ex parte Washington, 176 So.3d 852, 854 (Ala. Civ. App. 2015) ("This court cannot conduct a review of void orders; therefore, the ... petition is due to be dismissed."). Moreover, HVCM's second motion represented an apparent attempt to obtain a valid order denying HVCM's claims that would support a mandamus petition. It was, therefore, neither a mere request for reconsideration of the trial court's original denial nor an improper attempt to attain a " 'second bite' at appellate review"; HVCM's second motion also did not serve to eviscerate Rule 21(a)(3), which concerned the Court in Jones, 147 So.3d at 420. Therefore, HVCM's petition establishes that HVCM was not dilatory and that the instant petition should not be deemed untimely.
II.
In its petition, HVCM maintains that it lacks sufficient contacts with Alabama to support personal jurisdiction and that the trial court thus erred in denying its motion to dismiss. Alternatively, HVCM contends that mandamus should issue to direct dismissal of Zak's claims because those claims were filed after the statute of limitations expired and do not relate back to the filing of Zak's original complaint. Without commenting on the merits of HVCM's personal-jurisdiction challenge, because of our disposition of HVCM's challenge based on the statute of limitations and the doctrine of relation back, we pretermit discussion of the personal-jurisdiction issue. See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala. Civ. App. 2005) (stating that this Court would pretermit discussion of further issues in light of the dispositive nature of another issue). See also Ex parte Lost River Oilfield Servs., LLC, 167 So.3d 371, 375 (Ala. Civ. App. 2014) (pretermitting discussion of trial court's alleged lacked of personal jurisdiction over petitioner based on the holding that the trial court lacked subject-matter jurisdiction to hear the respondent's workers' compensation claim).
In his filings below, Zak conceded both that a two-year statute of limitations applied to all claims pending against HVCM and that his claims accrued in November 2013. It further appears undisputed that Zak did not include HVCM as a named defendant in his original complaint, but added it as a defendant for the first time in his second amended complaint filed on March 1, 2016, after the two-year limitations period had expired in November 2015. Finally, Zak candidly acknowledged that his second amended complaint did not substitute HVCM for one of the fictitiously named defendants included in the original complaint. Based on those facts, HVCM argues, none of the provisions in Rule 15, Ala. R. Civ. P., support its untimely addition as a party under relation-back principles. Specifically, HVCM contends that, contrary to Zak's contention in the trial court, the claims asserted against HVCM do not relate back to the filing of the original complaint as permitted by Rules 9(h) and 15(c)(4), Ala. R. Civ. P. Instead, HVCM says, it was added as a new defendant rather than substituted for a fictitious one, despite the fact that Zak's 2014 discovery requests clearly indicated that he was aware of HVCM's identity well before the statute of limitations expired. Also according *869 to HVCM, it would be substantially prejudiced if added, pursuant to Rule 15(c)(3), as a defendant at this late stage[4] -an error that it contends a postjudgment appeal would not correct.
The petition points this Court to the well established principles cited in Ex parte Novus Utilities, supra, in which we explained:
" Rule 15(c) provides, in pertinent part:
" '(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
" '....
" '(3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....'
"The Court of Civil Appeals has correctly stated:
" 'Our Supreme Court has held that the granting of amendments to pleadings other than those of right under Rule 15(a), Ala. R. Civ. P.[,] are within the discretion of the [trial] court. However, if the statute of limitations has run, the amendment may relate back only if the requirements of Rule 15(c), [Ala.] R. Civ. P.[,] are met. Ex parte Tidmore, 418 So.2d 866 (Ala. 1982).'
" Weaver v. Redwing Carriers, Inc., 475 So.2d 869, 871 (Ala. Civ. App. 1985).
"We note that federal decisions construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure because the Alabama Rules were patterned after the Federal Rules. Borders v. City of Huntsville, 875 So.2d 1168 (Ala. 2003).
" 'The purpose of the relation back concept is to permit a claim to be tried on its merits rather than being dismissed based on a technicality so long as the purpose underlying the statute of limitations has been satisfied. James Wm. Moore, Moore's Federal Practice § 15.19(3)(a)(3d ed. 2005). The primary purpose of statutes of limitation is to ensure that defendants have notice of an action against them before evidence has been lost or becomes unavailable and with enough time to prepare an adequate defense. [Rebecca S.] Engrav, [ Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rule of Civil Procedure 15(c), 89 Cal. L. Rev. 1549] at 1573 *870 [ (2001) ]. Thus, if a party has been notified of litigation involving a specific factual occurrence, it has received the protection that the statute of limitations requires. See, e.g., Williams v. U.S. Postal Serv., 873 F.2d 1069, 1073 (7th Cir.1989). Under such circumstances, courts should freely grant leave to amend. Woods v. Ind. Univ.-Purdue Univ. at Indianapolis, 996 F.2d 880, 883 (7th Cir. 1993) (stating that courts should attempt to avoid permitting defendants to rely on technical defects to avoid litigation).'
" Mitchell v. CFC Fin., LLC, 230 F.R.D. 548, 549-50 (E.D. Wis. 2005)."
85 So.3d at 996-97.
As set out above, Rule 15(c)(3) excludes fictitious-party pleading and instead applies to a plaintiff's attempt to amend in order to correctly identify a defendant included in or contemplated by the plaintiffs' original complaint. That is not what occurred in the present case. Instead, Zak's second amended complaint specifically acknowledged that it "add[ed] additional Defendants," including HVCM, as well as "additional claims relating to the new Defendants," and Zak acknowledges that no substitution occurred.
Even assuming that the provisions of Rule 15(c)(3) apply to the present circumstances, we further note that the rule limits application of the relation-back principles to situations where the party added by the amendment received notice of the commencement of the action either before the expiration of the applicable limitations period or within 120 days of the filing of the complaint initiating the action. Finally, the rule requires that the added party both would not be prejudiced by having to maintain a defense and understood that, in the absence of a mistake regarding its identity, it would have been included in the original complaint:
"[I]n order for the [plaintiffs] to obtain the benefits of the relation-back doctrine when they attempted to add ... a new party, the amended pleading adding [that party] must satisfy the requirements of Rule 15(c)(3), Ala. R. Civ. P. The party added must have received notice of the institution of the action within the applicable limitations period or within 120 days of the filing of the original complaint (whichever comes later) so that it is not prejudiced in maintaining a defense on the merits. Rule 15(c)(3). A court may impute notice of the institution of an action against the original defendant to a subsequently named defendant if there is an 'identity of interests.' "
Ex parte Novus Utils., 85 So.3d at 1001.
Here, HVCM denies receiving notice of Zak's action within the specified time frame. It is undisputed that the City and the Chamber were the only defendants actually named in either Zak's original or his first amended complaint. There is nothing suggesting identity of interests-or even a tenuous connection-between either of those municipal entities and HVCM. Moreover, the e-mail message that ultimately led to the initiation of the action appears to have originated solely from Hagedorn, not from HVCM. Nothing suggests that HVCM was even aware that the message had been sent or of Hagedorn's apparent dispute with Zak regarding local rights to distribute HVCM's products. Similarly, the November 2013 cease-and-desist letter also does not appear to have been sent to HVCM. In any event, even Hagedorn, the only party with whom HVCM had an arguable connection and from whom HVCM might have learned of the action, was not a party at any time within the parameters specified in Rule 15(c)(3). In sum, nothing in the materials before us indicates that HVCM either had notice of the institution of the action or *871 should have understood that HVCM was, in the absence of mistake, an intended defendant.
In light of the foregoing, HVCM has demonstrated that it was added as a defendant-not substituted for a fictitiously named defendant-after the expiration of the applicable limitations period and that relation-back principles do not apply. We therefore conclude that HVCM established a clear legal right to the relief sought. See Ex parte Novus Utils., 85 So.3d at 995-96. See also, generally, Ex parte Hodge, 153 So.3d 734, 738 (Ala. 2014). "Because we hold that the second amended complaint does not relate back, we need not inquire whether [HVCM] would be prejudiced by allowing the amendment." Prior v. Cancer Surgery of Mobile, P.C., 959 So.2d 1092, 1097-98 (Ala. 2006) (footnote omitted).
In opposition to that showing, Zak-and, more particularly, his second amended complaint-fail to allege facts countering HVCM's claims. Instead, he raises two counterarguments: (1) that the claims against HVCM were timely added pursuant to the practice contemplated by Rules 9(h) and 15(c) and (2) that, as a result of removal to federal court, the statute of limitations was tolled pursuant to 28 U.S.C. § 1367(d), thus rendering his claims timely.
Despite Zak's present reliance on the rules of fictitious-party practice governed by Rules 9(h) and 15(c), we note that, as discussed above, in his response in opposition to HVCM's initial motion below, Zak conceded that "technically, the Second Amended Complaint does not substitute HVCM for the fictitious party as would be proper." Zak nevertheless seeks to have applied the analysis governing relation back in the fictitious-party setting. Zak's filings in this Court characterize his acknowledged failure to substitute as a "technicality" that, he maintains, he should have been granted leave to correct. There is, however, nothing in the materials before us demonstrating that Zak ever sought the trial court's permission to correct the alleged technical mistake or that he attempted, at any time, to file a "corrected" second amended complaint seeking to properly substitute HVCM for a defendant that had been previously named fictitiously. We can reach no other conclusion but that Zak's reliance on principles of fictitious-party practice avail him nothing under the present facts. That is especially true, here, where all evidence suggests-alleged outstanding discovery aside-that there is no conceivable way Zak could demonstrate that he was ignorant of the identity of HVCM-with whom Zak had directly negotiated and communicated-either at the time the original complaint was filed, at the time Zak's initial discovery requests clearly demonstrating his knowledge of HVCM were filed, or when Zak received the Chamber's discovery responses before the statute of limitations had expired. See Ex parte Nicholson Mfg. Ltd., 182 So.3d 510, 513 (Ala. 2015) (explaining, with regard to fictitious-party practice, that " 'the relation back principle applies only when the plaintiff "is ignorant of the name of an opposing party" ' " (quoting Ex parte General Motors of Canada, Ltd., 144 So.3d 236, 239 (Ala. 2013) )).
We are similarly unpersuaded by Zak's claims that the statutory tolling provision of 28 U.S.C. § 1367(d) undermines the merit of HVCM's petition. As Zak correctly notes, "[t]he statute of limitations for [a] plaintiff's state law claims are tolled during the pendency of the [federal] action pursuant to 28 U.S.C. § 1367(d) and continue to be tolled for an additional 30 days after dismissal." (Zak's brief, at pp. 17-18.) Nonetheless, this proposition is inapplicable in the present action.
" Section 1367(d), 28 U.S.C., specifically states:
" 'The period of limitations for any claim asserted under subsection (a), *872 and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.' "
Weinrib v. Duncan, 962 So.2d 167, 169 (Ala. 2007) (original emphasis omitted; emphasis added). As discussed in detail above, however, Zak's claims against HVCM had not been asserted at the time the case was removed to federal court; therefore, those claims were not pending "in the same action that [was] voluntarily dismissed at the same time" as the other pending federal and state-law claims that were dismissed by the federal district court's July 24, 2015, opinion. See Rester v. McWane, Inc., 962 So.2d 183, 186 (Ala. 2007) (" Section 1367(d)... tolls state-law claims when those same claims are pending in federal court."). Moreover, as also discussed above, we have already concluded that the claims against HVCM do not relate back to the original complaint.
Based on the foregoing, we hold that the trial court erred in denying HVCM's motion requesting dismissal of Zak's claims on statute-of-limitations grounds. We therefore grant HVCM's petition and issue a writ of mandamus directing the Marshall Circuit Court to vacate its January 3, 2017, order denying HVCM's motion and to enter an order dismissing HVCM as a defendant in the underlying action.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Main, Wise, Bryan, and Sellers, JJ., concur.

Although this petition was filed on behalf of "Hometown Values Coupon Magazine," its proper name is "Profit Boost Marketing, Inc., d/b/a Hometown Values Coupon Magazine."

Nothing suggests that HVCM knew anything about this letter, which was presumably sent at Hagedorn's request.

The fictitiously named defendants included:
"Fictitious parties A, B, and C whether singular or plural, the person, firm, corporation, partnership or entities who or which caused or contributed to cause the damages complained of herein.
"... Fictitious Parties D, E, and F whether singular or plural, firms or corporations, partnership or other entities who or which were or may have been responsible for the actions, conduct or were the principal or agent of any of the named Defendants who Defamed [Zak].
"... Fictitious Parties G, H and I, those persons, firms or corporations who recklessly disseminated false or otherwise inaccurate information concerning [Zak], whose identity is not presently known but who will be substituted by amendment when ascertained."

See Prior v. Cancer Surgery of Mobile, P.C., 959 So.2d 1092, 1095 (Ala. 2006) ("Even if otherwise barred by the applicable statute of limitations, an amendment to a complaint may be allowed if it 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....' Rule 15(c)(2), Ala. R. Civ. P. However, if allowing the plaintiff to amend his or her complaint would prejudice the opposing party, the amendment should be denied. Ex parte Johnston-Tombigbee Furniture Mfg. Co., 937 So.2d 1035 (Ala. 2005)." (footnote omitted)).