IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

STEPHANIE OAKLEY, as ) 
Administrator of the Estate of ) 
WYMAN LUCICUS, deceased, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:20-CV-85-WKW 
 ) [WO] 
CEPERO TRUCKING, INC., and ) 
A. L. LOGISTICS, LLC, ) 
 ) 
 Defendants. ) 
 MEMORANDUM OPINION AND ORDER 
 I. INTRODUCTION 
Before the court is Defendant A.L. Logistics, LLC’s (“ALL”) motion to 
dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 
# 4.) ALL, who was joined as an additional defendant in the amended complaint, 
argues that Plaintiff Stephanie Oakley’s wrongful-death claims against it are time-
barred. Ms. Oakley filed a response in opposition. (Doc. # 12.) She contends that 
the amended complaint relates back to the original complaint and, thus, is timely. 
ALL filed a reply brief addressing Ms. Oakley’s arguments. (Doc. # 14.) After 
careful consideration of the allegations, arguments of counsel, and applicable law 
the court finds that All’s Rule 12(b)(6) motion is due to be granted. 
 II. JURISDICTION AND VENUE 
In this removed action, subject matter jurisdiction is proper on the basis of 

diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441(a). Personal jurisdiction and 
venue are not contested. 
 III. STANDARD OF REVIEW 

When evaluating a motion to dismiss pursuant to Federal Rule of Civil 
Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and 
construe them in the light most favorable to the plaintiff. Resnick v. AvMed, Inc., 
693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, “a 

complaint must contain sufficient factual matter, accepted as true, to ‘state a claim 
to relief that is plausible on its face.’” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) 
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). “[F]acial 

plausibility” exists “when the plaintiff pleads factual content that allows the court to 
draw the reasonable inference that the defendant is liable for the misconduct 
alleged.” Id. (citing Twombly, 550 U.S. at 556). 
Furthermore, “a Rule 12(b)(6) dismissal on statute of limitations grounds is 

appropriate only if it is apparent from the face of the complaint that the claim is time-
barred.” La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) 
(citation and internal quotation marks omitted). When the time bar is apparent from 

the face of the complaint, “the burden of alleging facts which would give rise to the 
tolling [of] the limitations period falls upon the plaintiff.” Parrish v. City of Opp, 
Ala., 898 F. Supp. 839, 841 (M.D. Ala. 1995). 

 IV. BACKGROUND 
A. The Accident 

The allegations are relatively straightforward. On July 20, 2017, at 
approximately 2:15 a.m., Ricardo Diaz parked an eighteen-wheeler tractor-trailer on 
the side of Interstate 65 in Butler County, Alabama. The truck’s headlights and 
hazard lights were not activated. (Doc. # 1-1 (Compl.).) Around the same time, Ms. 

Oakley’s decedent—Wyman Lucicus (“Lucicus”)—was travelling southbound on 
Interstate 65. Mr. Lucicus struck Mr. Diaz’s truck and died. (Doc. # 1-1.) ALL 
“and/or” Cepero Trucking (“Cepero”) owned the tractor-trailer and employed Mr. 
Diaz. (Doc. # 1-2, at 2–3 (Am. Compl.).) 

B. The Parties, Claims, and Procedural History 
On June 10, 2019, Plaintiff Stephanie Oakley (“Oakley”), as administrator of 
Mr. Lucicus’s estate, commenced this action in the Circuit Court of Butler County, 

Alabama. She sues Cepero for the wrongful death of Mr. Lucicus under theories of 
negligence, wantonness, and respondeat superior. The caption of the complaint also 
includes “Fictitious Party Defendants A, B and C, whether singular or plural, being 

other legal entities who are legally responsible for any and all of Plaintiffs’ injuries 
. . . .” (Doc. # 1-1, at 1.) The body of the complaint, however, does not describe 
any claims against the fictitiously named defendants. 

On January 31, 2020, Ms. Oakley filed an amended complaint to add ALL as 
an additional defendant. (Doc. # 1-2.) The amended complaint alleges the same 
wrongful death theories of negligence, wantonness, and respondeat superior, but 

asserts liability against Cepero “and/or” ALL for the circumstances leading to Mr. 
Lucicus’s death. (Doc. # 1-2, at 3.) 
Thereafter, ALL timely removed the case to the United States District Court 
for the Middle District of Alabama.1 (Doc. # 1 (Not. of Removal).) It then filed a 

motion to dismiss, arguing that Ms. Oakley’s claims against it are time-barred under 
the two-year limitations period provided in § 6-5-140(d) of the Alabama Code. 
(Doc. # 4; Doc. # 5, at 2.) Although conceding that the two-year statutory period to 

bring a wrongful death action against ALL has expired, Ms. Oakley argues that her 
amended complaint relates back to the original complaint, thus preserving her action 
against ALL. (Doc. # 12.) 

1 In the Notice of Removal, ALL alleged that it was “under no obligation to obtain consent 
to remove from Cepero because it ha[d] not been properly joined and served.” (Doc. # 1, at 4.) 
Ms. Oakley did not object to ALL’s removal, and she has since demonstrated that she perfected 
service on Cepero by publication. (Doc. # 18.) 
 V. DISCUSSION 
Alabama statutory law supplies the limitations period by which a plaintiff 

must commence a wrongful death suit. That period is two years. See Ala. Code § 6-
5-410(d) (“The action must be commenced within two years from and after the death 
of the testator or intestate.”). Because more than two years elapsed between Mr. 

Lucicus’s death on July 20, 2017, and Ms. Oakley’s filing of the amended complaint 
on January 31, 2020, § 6-5-410(d) bars Ms. Oakley’s claims against ALL unless the 
amended complaint relates back to the timely filed original complaint. For the 
reasons to follow, the amended complaint does not relate back; the statutory period 

for Ms. Oakley to bring a wrongful-death action against ALL has expired; and Ms. 
Oakley’s claims against ALL are subject to Rule 12(b)(6) dismissal. 
Rule 15(c)(1) of the Federal Rules of Civil Procedure, which governs in this 

removed action, provides several avenues for establishing that an amendment to a 
pleading relates back to the original complaint. See Fed. R. Civ. P. 81(c)(1) (“These 
rules apply to a civil action after it is removed from a state court.”). Relevant to the 
context of the parties’ arguments, Rule 15(c)(1)(A) incorporates Alabama’s relation-

back principles because Alabama law supplies the statutory period for bringing a 
wrongful-death action. See Fed. R. Civ. P. 15(c)(1)(A) (“An amendment to a 
pleading relates back to the date of the original pleading when . . . (A) the law that 

provides the applicable statute of limitations allows relation back.”); see also Saxton 
v. ACF Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001) (“Rule 15(c)(1) allows 
federal courts sitting in diversity to apply relation-back rules of state law where . . . 

state law provides the statute of limitations for the action.”).2 
ALL and Ms. Oakley both focus on the Alabama Rule of Civil Procedure 
governing relation back, but they cite different subsections. See Ala. R. Civ. P. 

15(c). ALL argues that Mr. Oakley’s amendment relies on, but does not satisfy, 
Alabama Rule of Civil Procedure 15(c)(4), which provides that “relation back is 
permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).” 
(Doc. # 5, at 6–8.) Emphasizing that the fictitiously named defendants appear only 

in the caption, ALL argues that an amendment to substitute ALL for a fictitiously 
named defendant cannot relate back because the complaint “does not state a cause 
of action against any of the fictitious defendants or provide a description of their 

wrongdoing.” (Doc. # 5, at 8.) Ms. Oakley counters that ALL’s motion “is based 
upon the erroneous assumption that [she] was attempting to add, or substitute ALL 
for a fictitious defendant.” (Doc. # 12, at 1.) She asserts instead that, under Rule 
15(c)(3) of the Alabama Rules of Civil Procedure, the amended complaint relates 

2 Because Alabama’s wrongful-death act is a “statute of creation,” the two-year limitations 
period for bringing suit is not a statute of limitations that is subject to tolling, but rather is a 
substantive component of the claim. See Alvarado v. Estate of Kidd ex rel. Kidd, 205 So. 3d 1188, 
1189 (Ala. 2016) (citations omitted). Federal Rule 15(c) “applies to both statutes of creation and 
statutes of limitations.” Chumney v. U.S. Repeating Arms Co., 196 F.R.D. 419, 428 (M.D. Ala. 
2000). 
back to the filing of the original complaint. (Doc. # 12, at 2.) Ms. Oakley relies on 
Alabama Rule 15(c)(3), presumably through Federal Rule 15(c)(1)(A). 

Because Ms. Oakley disclaims reliance on Alabama Rule 15(c)(4), the court’s 
analysis will focus on Alabama Rule 15(c)(3) and its federal counterpart, Federal 
Rule 15(c)(1)(C).3 However, in the end, Ms. Oakley’s amended complaint cannot 

relate back under Federal Rule 15(c)(1)(A), because Alabama Rule 15(c)(3) does 
not allow relation back. And, because Federal Rule 15(c)(1)(C) and Alabama Rule 
15(c)(3) share no differences that are material to the dispositive analysis, for the 
same reasons, Ms. Oakley’s amended complaint cannot relate back under Federal 

Rule 15(c)(1)(C). See Borders v. City of Huntsville, 875 So. 2d 1168, 1176 n.2 (Ala. 
2003) (“Federal cases are authoritative in construing the Alabama Rules of Civil 
Procedure because the Alabama rules were patterned after the Federal Rules of Civil 

Procedure.” (citation omitted)). 
Under Alabama Rule 15(c)(3), which incorporates Alabama Rule 15(c)(2), 
[a]n amendment of a pleading relates back to the date of the original 
pleading when . . . 

3 Alabama Rule 15(c)(3)’s requirements are the same as Federal Rule 15(c)(1)(C)’s, with 
this exception. Under Alabama Rule 15(c)(3), the time during which the party must have received 
notice of the action is “within the applicable period of limitations or one hundred twenty (120) 
days of the commencement of the action, whichever comes later,” while the notice period in 
Federal Rule 15(c)(1)(C) is ninety days. Additionally, Alabama Rule 15(c)(2), which Alabama 
Rule 15(c)(3) incorporates, has an exception for “counterclaims maturing or acquired after 
pleading,” but that exception is not invoked in this case. Because Alabama Rule 15(c)(3) parallels 
Federal Rule 15(c)(1)(C) and because their distinctions are not implicated in this case, the outcome 
of ALL’s motion is the same under either rule. 
(3) the amendment, other than one naming a party under the party’s true 
name after having been initially sued under a fictitious name, changes 
the party or the naming of the party against whom a claim is asserted if 
the foregoing provision (2) is satisfied [i.e., “the claim or defense 
asserted in the amended pleading arose out of the conduct, transaction, 
or occurrence set forth in the original pleading”] and, within the 
applicable period of limitations or one hundred twenty (120) days of 
the commencement of the action, whichever comes later, the party to 
be brought in by amendment (A) has received such notice of the 
institution of the action that the party will not be prejudiced in 
maintaining a defense on the merits, and (B) knew or should have 
known that, but for a mistake concerning the identity of the proper 
party, the action would have been brought against the party. 

Ala. R. Civ. P. 15(c)(3) (alterations added). 
ALL argues that Ms. Oakley’s amended complaint does not fit within 
Alabama Rule 15(c)(3) because it adds ALL as an additional defendant and does not 
substitute ALL for Cepero or correct Cepero’s name. Ms. Oakley disagrees. She 
contends that Alabama Rule 15(c)(3) applies because, when she filed the original 
complaint, she “‘contemplated’ ALL as a proper party defendant” and “intended to 
include ALL as a defendant,” but “mistakenly misidentified” the owner of the 
eighteen-wheeler truck. (Doc. # 12, at 6 (quoting Ex parte Profit Boost Mktg., Inc., 
254 So. 3d 862, 870 (Ala. 2017).) The parties’ arguments focus on Alabama Rule 
15(c)(3)’s requirement—which mirrors Federal Rule 15(c)(1)(C)’s requirement—
that “the amendment . . . changes the party or the naming of the party against whom 
a claim is asserted.” As explained below, Ms. Oakley’s amended complaint fails to 
satisfy this requirement for relation back, and, thus, this issue is dispositive of the 
outcome in ALL’s favor.4 

Ms. Oakley is correct that Ex parte Profit Boost Marketing is instructive, but 
her assessment of its holding is flawed. In Ex parte Profit Boost Marketing, the 
plaintiff—a magazine coupon distributer—filed a defamation lawsuit against the 

City of Cullman and the Arab Chamber of Commerce stemming from the City’s 
negative post on Facebook about the plaintiff’s alleged misappropriation of the name 
and likeness of Hometown Values Coupon Magazine (“HVCM”). See 254 So. 3d 
at 864–65. After the statute of limitations had expired, the plaintiff filed an amended 

complaint adding as defendants HVCM and a third party that had entered into a 
licensing agreement with HVCM. See id. at 865. The plaintiff “candidly 
acknowledged that his second amended complaint did not substitute HVCM for one 

of the fictitiously named defendants included in the original complaint” so as to 
invoke Alabama Rule 15(c)(4). Id. at 868. 
The Alabama Supreme Court held that, under Alabama Rule 15(c)(3), the 
plaintiff’s claims against the newly added defendants did not relate back to the filing 

4 The court pretermits discussion of the parties’ arguments as to the additional requirements 
for relation back under Alabama Rule 15(c)(3) and Federal Rule 15(c)(1)(C). Furthermore, the 
evidence the parties submitted is not relevant to the issue of whether Ms. Oakley’s amended 
complaint joining ALL as an additional defendant conforms with the requirement in Alabama Rule 
15(c)(3) and in Federal Rule 15(c)(1)(C) that “the amendment” is one that “changes the party or 
the naming of the party against whom a claim is asserted.” Because evidence outside the pleadings 
has not been considered, the Rule 12(b)(6) standard governs, and ALL’s requested Rule 12(d) 
conversion to summary judgment is not necessary. See Fed. R. Civ. P. 12(d). 
of the original complaint. It explained that Alabama Rule 15(c)(3) “applies to a 
plaintiff’s attempt to amend in order to correctly identify a defendant included in or 

contemplated by the plaintiff’s original complaint.” Id. at 863. But, as explained by 
the Alabama Supreme Court, “[t]hat is not what occurred in the present case. 
Instead, [the plaintiff’s] second amended complaint specifically acknowledged that 

it ‘add[ed] additional Defendants,’ including HVCM,” and the plaintiff 
“acknowledge[d] that no substitution occurred.” Id. (first and third alterations 
added). The Alabama Supreme Court held: “HVCM has demonstrated that it was 
added as a defendant—not substituted for a fictitiously named defendant—after the 

expiration of the applicable limitations period and that relation-back principles do 
not apply.” Id. at 871. 
Ms. Oakley stands in analogous footing to the plaintiff in Ex parte Profit Boost 

Marketing. Ms. Oakley readily concedes that she is not substituting ALL for one of 
the fictitiously named defendants set out in the caption of the original complaint. 
(Doc. # 12, at 1–2.) She also does not dispute that, like the plaintiff in Ex parte 
Profit Boost Marketing, she is adding an additional defendant and is not substituting 

ALL in place of Cepero. In a later filing, Ms. Oakley reformulates her argument 
somewhat, suggesting that she should be permitted under Alabama Rule 15(c)(3) to 
add ALL as “an alternative” party until discovery uncovers which party—Cepero or 

ALL—is Mr. Diaz’s employer. (Doc. # 13.) Contrary to Ms. Oakley’s argument, 
though, the facts and holding in Ex parte Profit Boost Marketing do not contemplate 
the addition of an entirely new defendant. Should discovery support the substitution 

of another party for Cepero, Ms. Oakley can address the soundness of an amendment 
under relation-back principles in a properly supported motion at a later date. On the 
operative rendition of the complaint, her claims against ALL are not saved by the 

relation-back principles in Alabama Rule 15(c)(3). 
Furthermore, the holding in Ex parte Profit Boost Marketing aligns with this 
court’s earlier interpretation of Alabama Rule 15(c)(3)’s federal counterpart, Rule 
15(c)(1)(C). See Stewart v. Bureaus Inv. Grp., LLC, 309 F.R.D. 654 (M.D. Ala. 

2015) (Watkins, J.). In Stewart, the court found that Federal Rule 15(c)(1)(C)’s 
relation-back doctrine does not apply where a plaintiff attempts to join entirely new 
defendants in addition to existing defendants. Rather, under Federal Rule 

15(c)(1)(C)’s plain language, amendments relate back only when a plaintiff 
“‘redirect[s] an existing claim toward a different party, and drop[s] the original 
party.’”5 Id. at 659 (quoting Telesaurus VPC, LLC v. Power, No. CV 07-01311-

5 Stewart is closely on-point with the facts here. Stewart initially was the defendant in a 
debt collection suit, but upon discovering that the creditor entities were not registered or licensed 
in Alabama, she filed a counterclaim under the Fair Debt Collection Practices Act (“FDCPA”). 
Stewart, 309 F.R.D. at 656–57. Stewart originally named a single defendant, a collection agency, 
in her FDCPA claim. Id. at 657. After the limitations period expired, Stewart learned that the 
collection agency’s attorney and the attorney’s law firm (i.e., Mark Chambless and Chambless, 
Math & Carr, P.C.) were responsible for representing that the creditor entities were licensed in 
Alabama, and sought leave to amend her complaint accordingly. Id. Chambless argued that the 
claim was time barred, but Stewart contended that relation back applied. Id. at 657–58. 
PHX-NVW, 2011 WL 5024239, at *3 (D. Ariz. Oct. 21, 2011)); see also Telesaurus 
VPC, LLC, 2011 WL 5024239, at *3 (examining the language and purpose of 

Federal Rule 15(c)(1)(C)); see also Jadco Enters., Inc. v. Fannon, No. CIV.A. 6:12-
225-DCR, 2013 WL 6055170, at *5 (E.D. Ky. Nov. 15, 2013) (“Rule 15(c) does not 
allow a relation back when a plaintiff learns more about a case through discovery[,] 

then attempts to broaden liability to attach new parties in addition to ones already 
before the court.”), on reconsideration in part on other grounds, 991 F. Supp. 2d 
947 (E.D. Ky. 2014)); In re Vitamin C Antitrust Litig., 995 F. Supp. 2d 125, 129 
(E.D.N.Y. 2012) (“Rule 15(c)(1)(C) does not encompass just any mistake. It 

requires a mistake ‘concerning the proper party’s identity.’ . . . As a matter of plain 
language, this provision would appear to include only ‘wrong party’ cases, and not 
‘additional party’ cases . . . . In an ‘additional party’ case like this one, there 

generally will be no ‘mistake concerning’ the proper party’s ‘identity.’”). 
Based on the foregoing persuasive authorities, the outcome of ALL’s motion 
is the same under Alabama Rule 15(c)(3) and its federal counterpart. In order for 

The Stewart court explored Krupski v. Costa Crociere, in which the Supreme Court of the 
United States held that “relation back under Rule 15(c)(1)(C) depends on what the party to be 
added knew or should have known, not on the amending party’s knowledge or its timeliness in 
seeking to amend the pleading. Id. at 660 (citing Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 
541 (2010)). Stewart argued that Krupski’s use of the more open-ended word “added,” as opposed 
to “substituted,” indicated that Rule 15(c)(1)(C) allowed for relation back to apply to additional 
parties, and not just to new parties added to correct an error. Id. The court rejected this argument 
because Krupski involved one defendant being substituted for another after a mistake of the 
parties’ identities, while Stewart was attempting to bring in Chambless and his firm as additional 
defendants. Id. 
Ms. Oakley’s amended complaint to “change[] the party or the naming of the party,” 
it would have to replace Cepero, and not add ALL as an extra party. Ala. R. Civ. P. 

15(c)(3); see also Fed. R. Civ. P. 15(c)(1)(C). Because Ms. Oakley is attempting to 
add ALL as an additional defendant, and not to substitute ALL for Cepero, Ms. 
Oakley’s amended complaint does not satisfy Alabama Rule 15(c)(3) or Federal 

Rule 15(c)(1)(C). Because Ms. Oakley’s amended complaint fails this threshold 
requirement, by extension, the amended complaint does not relate back to the filing 
of the original complaint. 
 VI. CONCLUSION 

The amended complaint added ALL as an additional defendant after the 
expiration of the applicable limitations period, and, therefore, relation-back 
principles do not apply. Accordingly, it is ORDERED that ALL’s motion to dismiss 

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 4) is 
GRANTED, and Ms. Oakley’s claims against ALL are DISMISSED. 
The Clerk of the Court is DIRECTED to terminate ALL as a defendant. 
DONE this 20th day of November 2020. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE